UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

GARY LYONS as Personal Representative
of THE ESTATE OF DYLAN LYONS,

     Plaintiff,                       CASE NO.: 6:25-cv-00848

v.

CHARTER COMMUNICATIONS, INC.,
a Foreign Profit Corporation,

     Defendant.
_____/

## DEFENDANT'S, CHARTER COMMUNICATIONS, INC.'S NOTICE OF REMOVAL

Defendant, CHARTER COMMUNICATIONS, INC. ("Charter"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81 of the Federal Rules of Civil Procedure, removes to this Court the action filed in the Ninth Judicial Circuit Court in and for Orange County, Florida, Case No. 2025-CA-000699-O, with full reservation of rights, exceptions and defenses, and in support thereof states:

## FACTUAL BACKGROUND

1.    On or about January 28, 2025, Plaintiff, Gary Lyons as Personal Representative of the Estate of Dylan Lyons ("Plaintiff") commenced this action by filing a lawsuit against Charter Communications, Inc. in the Ninth Judicial Circuit Court in and for Orange County, Florida. *See* Pl.'s Compl. attached as Ex. "A."

2.      Plaintiff served its Complaint on Charter's registered agent on February 4, 2025. *See* Return of Service attached as Ex. "B."

3.      The Complaint raises claims of negligence and gross negligence, as well as a claim for virtual certainty and concealed danger against Charter due to the fatal injuries Charter's employee, Dylan Lyons sustained on February 22, 2023, after being shot by a third party while working as a news reporter for Spectrum News 13[1] in Pine Hills, Florida. *See* Ex. "A."

4.      Plaintiff was domiciled in Orange County, Florida at the time of his death. *See* Death Certificate of Dylan Lyons, attached hereto as Ex. "C."

5.      On March 28, 2025, Charter, a Delaware Corporation with its principle place of business in Stamford, CT, responded to Plaintiff's Complaint by filing a Motion to Dismiss on the grounds that Florida's Workers' Compensation Act provides immunity for the claims alleged. *See* Defendant's Motion to Dismiss the Complaint, attached hereto as Ex. "D." The Motion is currently pending, and has not yet been set for hearing at the time of the filing of this Notice.

6.      On April 16, 2025, Plaintiff served its Amended Initial Disclosures, claiming  $1,680,825.00, in non-economic damages as well as economic damages for funeral and medical expenses. *See* Plaintiff's Amended Initial 1.280(a) Disclosures attached hereto as Ex. "E."

---

[1] Spectrum News 13 a registered trademark which is owned by Charter Communications Holding Company, LLC. *See* https://corporate.charter.com/spectrum-networks (*last accessed* May 1, 2025).

7.    Accordingly, on April 16, 2025, Charter first ascertained that the case is one which as become removable pursuant to 28 U.S.C. § 1446(b)(3), as Plaintiff first produced evidence that its damages exceed $75,000.00. *Id.*

8.    Given the foregoing, this matter is removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

9.    Charter attaches hereto and makes a part of this notice a copy of the pleadings, and other papers filed in the Ninth Judicial Circuit Court of the State of Florida in and for Orange County together with a docket sheet from the Clerk of the Court. *See* attached as Composite Ex. "F."

## <u>REMOVAL IS TIMELY</u>

In accordance with 28 U.S.C. § 1446(b)(3), Charter files this Notice of Removal within thirty (30) days of its receipt of Plaintiff's Amended Initial Disclosures – the "other paper…" from which it [was able to ascertain] that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3).  As set forth above, Plaintiff served Charter with its Amended Initial Disclosures on April 16, 2025, producing evidence that its alleged damages exceed $75,000.00. *See* Ex. E.  28 U.S.C. § 1446(b)(3) authorizes Charter to remove the instance case within thirty (30) days after receipt by Charter, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The Eleventh Circuit has held that responses to discovery, deposition transcripts, and other documents can constitute and be

considered the "other paper" pursuant to and required by 28 U.S.C. § 1446(b)(3). *See Wilson v. General Motors Corp.*, 888 F.2d 778, 780 (11th Cir. 1989); *Lowery v. Alabama Power Co.*, 483 F. 3d 1213, n.61 (noting that a number of documents have been judicially recognized as such, including interrogatory responses).

In accordance with 28 U.S.C. § 1446(b)(3), Charter files this Notice of Removal within thirty days of April 16, 2025, which is the date that Plaintiff produced evidence pursuant to its Amended Initial Disclosures that damages in this case exceed $75,000.00, making it clear that removal is appropriate. Thus, the instant Notice of Removal is timely filed. Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division, because the Ninth Judicial Circuit where Plaintiff filed its state court action is located in Orange County, Florida, which is located within the United States District Court for the Middle District of Florida, Orlando Division.

## THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States." "Diversity jurisdiction, as a general rule, requires complete diversity – every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994). "Diversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal." *PTA-Fla, Inc. v. ZTE USA, Inc.*, 844 F.4d 1299, 1306 (11th Cir. 2016) (citing *Tillman v. R.J. Reynolds*

*Tobacco*, 253 F.3d 1302, 1306 n.1 (11th Cir. 2001)). This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

**A. Citizenship of Gary Lyons as the Personal Representative of the Estate of Dylan Lyons**

"Where an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and she is deemed to be a citizen of the state in which she was domiciled at the time of her death." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170-1171 (11th Cir. 2007); (*see also* 28 U.S.C. § 1332(c)(2) ("legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent…")). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment and to which he has the intention of returning whenever he is absent therefrom." *Id.* at *8 (citing *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir. 1974), cert. denied, 419 U.S. 842, 95 St. Ct. 74, 42 L. Ed. 2d 70 (1974) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

Plaintiff's Complaint alleges Plaintiff was a resident of the State of Florida at the time of the subject incident. *See* Ex. "A." In addition to the allegations of residency in Plaintiff's Complaint, Dylan Lyons' death certificate confirms that at the time of his death, his residential address was within Orange County, Florida. *See* Ex. "C." Thus, Plaintiff, Gary Lyons as the legal and personal representative of the Estate of Dylan Lyons, is considered a citizen of the State of Florida.

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Courts look to various

factors in determining a person's domicile, including but not limited to: "the location of real and personal property, business ownership, employment records, the location of bank accounts, payment of taxes, voter registration, driver's license, membership in local organizations…" *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021). Here, it is determined that Lyons worked in Orlando, Florida as a news reporter and was residing in Orange County, Florida at the time of his death based on his Death Certificate. Thus, he was deemed to be a citizen of the State of Florida at the time of his death for purposes of 28 U.S.C. § 1332.

### B. Citizenship of Charter Communications, Inc.

Charter Communications, Inc. is a foreign corporation, which is, at the time of the alleged incident, and on the date of the filing of the Complaint, a Delaware Corporation, with its principal place of business in Stamford, Connecticut.

## **AMOUNT IN CONTROVERSY**

The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy, other than the state court $50,000.00 jurisdictional minimum, it is clear from Plaintiff's Amended Initial Disclosures that the Estate is claiming damages exceeding the jurisdictional minimum of $75,000.00. *See Del Rio v. Scottsdale Ins. Co.*, 2005 WL 3093434 (M.D. Fla. Nov. 18, 2005) (answers to interrogatories are evidence of amount in controversy where the answers indicated plaintiff sought more in damages than the jurisdictional amount). The well-established rule adopted by the Eleventh Circuit states that Charter can offer its own affidavits, declarations, or other documentation to establish federal removal jurisdiction and

there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc.,* 608 F.3d 759 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) (discussing that when a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement). District Courts may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case … establishes the jurisdictional amount." *Wineberger v. Ractrac Petroleum, Inc.*, 672 Fed. Appx. 914 (11th Cir. 2016) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)). "Courts are not limited to a plaintiff's representations regarding its claim …[and] may use their judicial experience and common sense." *Id.* A removing defendant, like Charter, is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka,* 608 F.3d at 754. All

that is required is that Charter show, by a preponderance of the evidence, that the amount in controversy in the instant case exceeds $75,000.00. *Id.* at 752.

Here, the damages are expected to be well over the $75,000.00 jurisdictional threshold, as identified in Plaintiff's Amended Initial Disclosures. Plaintiff's Complaint claims wrongful death damages in the form of loss of net accumulations, medical bills and funeral expenses, as well as non-economic damages of the mental pain and suffering both in the past and future by Mr. Lyons' surviving parents. *See* Ex. "A." Plaintiff's Amended Initial Disclosures states Plaintiff estimates non-economic damages in the amount of $1,680,825.00 in regard to this matter, which immensely surpasses the $75,000.00 jurisdictional amount. *See* Ex. "E."

Thus, the economic damages combined with the anticipated non-economic damages claimed in this matter sufficiently establish by a preponderance of evidence that the amount in controversy well surpasses the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Therefore, removal of this action is proper.

## CONCLUSION

This action is removable, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because there exists complete diversity in this matter as the Plaintiff and Charter Communications are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, fees, and costs.

Upon filing of this Notice of Removal, Charter Communications will promptly give written notice to Plaintiff, through their attorneys of record, and the Clerk of the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida.

**WHEREFORE,** Defendant CHARTER COMMUNICATIONS, INC. respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, filed in the Ninth Judicial Circuit Court in and for Orange County, Florida, Case No. 2025-CA-000699-O, be removed from that court to the United States District Court for the Middle District of Florida, Orlando Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Charter Communications, Inc. is entitled.

Respectfully submitted,

*/s/ Paul G. Totten*
**PAUL G. TOTTEN**
*Lead Counsel*
Florida Bar No.: 529931
ptotten@hamiltonmillerlaw.com
**JERRY D. HAMILTON**
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
**BRIAN T. BARRIFFE**
Florida Bar No.: 1024874
bbarriffe@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL
150 Southeast Second Avenue, Suite1200
Miami, Florida 33131-2332
Telephone:   (305) 379-3686
Facsimile:    (305) 379-3690
*Counsel for Defendant, Charter Communications, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 15, 2025, 2025, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/ Paul G. Totten*
Paul G. Totten

## SERVICE LIST

Mark E. NeJame, Esq.
FBN: 310931
RyanJ. Vescio, Esq.
FBN: 14032
DeLayne D. Penland, Esq.
FBN : 1024836
**NEJAME LAW, P.A.**
111 N. Orange Avenue, Suite 1300
Orlando, FL 32801
Phone: 407-500-0000
Fax:    407-802-1448
mark@nejamelaw.com
ryan@nejamelaw.com
delayne@nejamelaw.com
PI@nejamelaw.com
*Counsel for Plaintiff*