RJ286
2-4-25
1:40

Filing # 215541598 E-Filed 01/28/2025 07:15:40 PM

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
## IN AND FOR ORANGE COUNTY, FLORIDA

GARY LYONS as Personal Representative
of THE ESTATE OF DYLAN LYONS,

     CASE NO.: 2025-CA-000699-O

       Plaintiff,

vs.

CHARTER COMMUNICATIONS,
INC. a Foreign Profit Corporation,

       Defendant.

_____/

## SUMMONS

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

    **YOU ARE HEREBY COMMANDED** to serve this summons and a copy of the Complaint
in this action on Defendant:

**CORPORATION SERVICE COMPANY,** as the Registered Agent,
**c/o CHARTER COMMUNICATIONS, INC.**
1201 HAYS ST
TALLAHASSEE, FL 32301

    Each Defendant is hereby required to serve written defenses to the Complaint or petition on
Plaintiff's attorney, whose name and address are:

**Mark E. NeJame, Esquire**
NeJame Law, P.A.
111 North Orange Avenue, Suite 1300
Orlando, Florida 32801
Telephone: (407) 500-0000

within 20 days after service of this summons on that defendant, exclusive of the day of service, and
to file the original of the defenses with the clerk of this court either before service on plaintiff's
attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that
defendant for the relief demanded in the complaint or petition.

    **DATED** on   January/29/2025    

**(COURT SEAL)**



Tiffany Moore Russell, Clerk of Courts
**Civil Division**
425 N Orange Ave
Room 350
Orlando, Florida 32801
*/s/ Dallas Mathis*

## NOTICE

IF YOU ARE A PERSON WITH A DISABILITY WHO NEEDS ANY ACCOMMODATION IN ORDER TO PARTICIPATE IN THIS PROCEEDING, YOU ARE ENTITLED, AT NO COST TO YOU, TO THE PROVISION OF CERTAIN ASSISTANCE. PLEASE CONTACT COURT ADMINISTRATION AT 425 N. ORANGE AVENUE, ROOM 2130, ORLANDO, FLORIDA 32801, TELEPHONE: (407) 836-2303 WITHIN TWO (2) WORKING DAYS OF YOUR RECEIPT OF THIS SUMMONS; IF YOU ARE HEARING OR VOICE IMPAIRED, CALL 1-800-955-8771.

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANT

Se han iniciado acciones legales en su contra. Tiene 20 días consecutivos a partir de la fecha de esta citación para presentar una respuesta por escrito a la queja adjunta a este Tribunal. Una simple llamada telefónica no es suficiente para protegerlo. Debe presentar su respuesta por escrito, con el número de archivo anterior y los nombres de las partes nombradas aquí, si desea que el Tribunal escuche su caso. Si no presenta su respuesta por escrito en el relevo requerido, corre el riesgo de perder el caso y su salario, su dinero y su propiedad pueden ser incautados más tarde, sin notificación adicional por parte del Tribunal. Existen otras obligaciones legales y puede requerir los servicios inmediatos de un abogado. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de asistencia legal (que figura en el directorio telefónico).

Si elige presentar una respuesta por escrito, también se le solicitará, junto con esta formalidad, que envíe o envíe por correo una copia impresa o fotocopia de su respuesta por escrito al "Demandante / Abogado del demandante" (Reclamante o su abogado) nombra a continuación.

SI USTED ES UNA PERSONA CON UNA DISCAPACIDAD QUE NECESITA CUALQUIER ALOJAMIENTO PARA PODER PARTICIPAR EN ESTE PROCEDIMIENTO, ESTÁ TENIDO EL DERECHO, SIN COSTO PARA USTED, DE LA PROVISIÓN DE CIERTA AYUDA. PÓNGASE EN CONTACTO CON LA ADMINISTRACIÓN DEL TRIBUNAL EN 425 N. ORANGE AVENUE, ROOM 2130, ORLANDO, FLORIDA 32801, TELÉFONO: (407) 836-2303 DENTRO DE LOS DOS (2) DÍAS LABORABLES DE SU RECIBO DE ESTE SUMARIO DE ESTE SUMARIO; SI USTED ESTÁ AUDIENDO O VOZ, LLAME AL 1-800-955-8771.

Filing # 215541598 E-Filed 01/28/2025 07:15:40 PM

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL   CIRCUIT   IN   AND   FOR
ORANGE COUNTY, FLORIDA

CASE NO.:

GARY LYONS as Personal Representative
of THE ESTATE OF DYLAN LYONS,

      Plaintiff,

vs.

CHARTER COMMUNICATIONS, INC. a
Foreign Profit Corporation,

      Defendant.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiff, GARY LYONS as Personal Representative of the

ESTATE OF DYLAN LYONS (hereinafter "LYONS"), and sue the Defendant, CHARTER

COMMUNICATIONS, INC. (hereinafter "SPECTRUM"), and allege as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1.    This is an action for damages in excess of $50,000.00 (Fifty Thousand

Dollars), exclusive of attorneys' fees, interest, and costs.

2.    At all times material hereto, Plaintiff LYONS was a resident of the State of

Florida.

3.    At all times material hereto, Defendant SPECTRUM is a Foreign Profit

Corporation with its principal place of business located in Stamford, Connecticut that

conducts business in the State of Florida, including Orange County, Florida.

4.      Venue is appropriate and proper in Orange County pursuant to § 47.011, Fla. Stat. because this incident occurred in Orange County, Florida.

## ALLEGATIONS COMMON TO ALL COUNTS

5.      At all times material hereto, Plaintiff LYONS was employed by Defendant SPECTRUM as a news reporter covering live incidents for broadcast by Defendant SPECTRUM.

6.      Defendant SPECTRUM operates more than thirty (30) local Spectrum News television and digital networks in 12 states[1], including Spectrum News 13, which reports television news. By providing such coverage, Defendant SPECTRUM derives economic and advertising income benefits.

7.      Spectrum News 13 provides local television news coverage for incidents occurring in Brevard, Flagler, Lake, Marion, Orange, Osceola, Polk, Seminole, and Volusia.

8.      In furtherance of Plaintiff LYONS' employment duties, he was required to travel to various locations in the Orlando / Daytona Beach / Melbourne Media Market to cover live incidents for broadcast by Defendant SPECTRUM.

9.      Oftentimes, said live incidents involve violent incidents, including homicides, that occur in high-crime locations.

---

[1] *About Spectrum Networks*, Charter Communications, https://corporate.charter.com/spectrum-networks, (*last accessed* December 30, 2024).

10.    At all times material hereto, Defendant SPECTRUM had a non-delegable duty to maintain and provide a safe working environment to Plaintiff LYONS and others similarly situated.

11.    At all times material hereto, Defendant SPECTRUM had the responsibility, authority, and obligation to provide a workplace free from serious hazards.

12.    On or about February 22, 2023, while actively employed by Defendant SPECTRUM, Plaintiff LYONS was commanded by Defendant SPECTRUM to report on location at Harrington Drive and Hialeah Street in Pine Hills, Orange County, Florida, about the fatal shooting of Nathacha Augustin by an individual later identified as Keith Moses ("Moses"), despite Defendant SPECTRUM being aware the shooter was still at large at the time of such demand by Defendant SPECTRUM.

13.    During the same February 22, 2023 incident, Spectrum News photojournalist Jesse Walden was also wounded and left in critical condition but ultimately survived.

14.    While on scene reporting on the death of Nathacha Augustin, Plaintiff LYONS was ambushed, shot, and killed by Moses[2].According to the District Nine Medical Examiner's Office, Plaintiff LYONS' cause of death was gunshot wound to the chest, and the manner of death was Homicide.While employed by Defendant

---

[2] Moses is currently being prosecuted by the State of Florida for the deaths of Plaintiff LYONS and other victims Nathacha Augustin, T'Yonna Major, and Brandi Major in Orange County, Florida Circuit Court Case Number 2023-CF-002486-A-O.

SPECTRUM, including at the time of Plaintiff LYONS' death, he was not provided with any security or protective equipment to protect against being attacked or shot.

15.    Defendant SPECTRUM employs news reporters and videographers, such as Plaintiff LYONS, to go to active crime scenes involving violence and provide coverage. However, although Defendant SPECTRUM requires travel to high-crime areas, Defendant SPECTRUM does not provide said reporters and videographers with any personal protection measures or security personnel.

16.    Journalists face an increasing threat of violence due to their work. Since 2017, at least 321 journalists, including Plaintiff LYONS, have been either shot or shot at by others[3].

17.    On March 16, 2022, a journalist with NBC-affiliated station KJRH-TV was shot with a pellet gun while reporting live in Tulsa, Oklahoma[4].

18.    On July 5, 2021, two journalists with KSAT 12 News in San Antonio, Texas, were shot at by a gunman, later killed by law enforcement while covering a fire at a home where law enforcement had discovered spent ammunition cartridge casings[5].

---

[3] Freedom of the Press Foundation, *Incident Database*, U.S. Press Freedom Tracker, https://pressfreedomtracker.us/all-incidents/?tags=shot+%2F+shot+at&categories=Assault (*last visited* December 30, 2024).
[4] Ryan Love, *Tulsa police look to identify people responsible for pellet gun shooting*, 2 News Oklahoma, https://www.kjrh.com/news/local-news/tulsa-police-looking-into-pellet-gun-shootings (*last visited* December 30, 2024).
[5] Ben Spicer, *SAPD: Man who opened fire at KSAT journalists fatally shot by officers*, KSAT-12 News, https://www.ksat.com/news/local/2021/07/05/investigators-working-to-determine-cause-of-house-fire-on-west-side/ (*last accessed* December 30, 2024).

19.     On September 4, 2017, a videographer with The New Carlisle News was shot while setting up his camera to photograph a traffic stop during a lightning storm while law enforcement mistook the journalist's tripod as a gun[6].

20.     On December 18, 2017, the Dart Center for Journalism at the Journalism School at Columbia University and the Trauma Research Lab at the University of Tulsa released their academic study "Journalists and Safety Training: Experiences and Opinions" (the "Study"). Bruce Shapiro, *Journalists and Safety Training: Experiences and Opinions*, Columbia Journalism School and University of Tulsa (December 18, 2017).

21.     The Study, which interviewed journalists and the safety training that existed then, identified that only 53 percent of journalists participated in safety training within the previous three years of the study and that only 43 percent of those surveyed reported ever taking a refresher course in safety. (Study, p. 5).

22.     Given these glaring discrepancies in safety training for journalists, including those similarly situated to Plaintiff LYONS, in October 2018, the Industry Standard for Safety Training ("ISST") was launched by the A Culture of Safety Alliance ("ACOS"), a global coalition of over 168 news organizations, journalist associations, and press freedom Non-Governmental Organizations that champion safe and responsible

---

[6] WKEF/WRGT, *"Somebody was looking out for me," journalist shot by Ohio deputy speaks*, Dayton 24/7 Now, https://dayton247now.com/news/local/officer-involved-shooting-reported-in-new-carlisle (*last accessed* December 30, 2024).

journalism practices.[7] Defendant SPECTRUM is not a signatory to ACOS and its initiatives associated with journalist safety.

23.    The ISST curriculum calls for establishing and implementing specific training courses to include Physical Threats, Hazards, and Risks focused in part on weapons awareness, types, ranges, cover, and concealment. (ISST Item 2.5, as cited within *Industry        Standard        for        Safety        Training*, https://www.acosalliance.org/_files/ugd/c1a6a6_f03922f67800424489512ef861c48edb.pdf (*last accessed* December 30, 2024).

24.    At all times material hereto, Defendant SPECTRUM, owed a duty to protect, prevent, and warn Plaintiff LYONS and other reasonably foreseeable person(s) employed by Defendant SPECTRUM while conducting their employment obligations and requirements who could be exposed to an active shooter or violent assailant.

25.    At all times material hereto, Defendant SPECTRUM breached the duty owed to Plaintiff LYONS and other reasonably foreseeable persons who could be exposed to an active shooter or violent assailant.

26.    Plaintiff LYONS' death was a direct and proximate result of Defendant SPECTRUM's negligence.

27.    Plaintiff LYONS' death was a direct and proximate result of Defendant SPECTRUM's substantial certainty that an injury or death would occur.

---

[7] ACOS Alliance, *About US*, ACOS Alliance, https://www.acosalliance.org/about-acos (*last accessed* December 30, 2024).

28.    Plaintiff LYONS' death was a direct and proximate result of Defendant SPECTRUM's gross negligence.

29.    Plaintiff LYONS is survived by his mother and father. As a direct and proximate result of Plaintiff LYONS' death, pursuant to § 768.21, Fla. Stat., damages of the survivors and the estate are the following:

> a.    Beth and Gary Lyons, as surviving parents, have suffered mental pain and suffering, both in the past and future;
>
> b.    GARY LYONS as Personal Representative for the ESTATE OF DYLAN LYONS, deceased, has incurred medical bills and funeral expenses; and
>
> c.    GARY LYONS as Personal Representative for the ESTATE OF DYLAN LYONS, deceased, has suffered loss of net accumulations.

## COUNT I – NEGLIGENCE OF DEFENDANT

30.    Plaintiff LYONS re-alleges paragraphs one (1) through twenty-nine (29) as though more fully set forth herein.

31.    At all times material hereto, Defendant SPECTRUM employed Plaintiff LYONS as a news reporter for Spectrum News 13 in Orlando, Florida.

32.    At all times material hereto, Defendant SPECTRUM had a non-delegable duty to maintain and provide a safe working environment for Plaintiff LYONS and others similarly situated.

33.     At all times material hereto, Defendant SPECTRUM had a non-delegable duty to provide sufficient and reoccurring journalism safety training to Plaintiff LYONS and other reasonably foreseeable persons associated with their employment as news reporters reporting on active news events in the public.

34.     At all times material hereto, Defendant SPECTRUM owed a duty to Plaintiff LYONS and other reasonably foreseeable persons assigned to cover live news events with relevant and adequate safety equipment when violence or the threat of violence exists.

35.     At all times material hereto, Defendant SPECTRUM owed a duty to Plaintiff LYONS and other reasonably foreseeable persons who could be exposed to known dangers, such as an active shooter at large suspected of having committed recent violent acts.

36.     At all times material hereto, Defendant SPECTRUM owed a duty to Plaintiff LYONS and other reasonably foreseeable persons to conduct an appropriate risk assessment on potential news coverage assignments to ensure the safety and security of news reporters and staff before assigning coverage of active incidents.

37.     At all times material hereto, Defendant SPECTRUM owed a duty to provide adequate warning and instruction to employees, including Plaintiff LYONS, and other reasonably foreseeable persons who could be exposed to a dangerous and active shooter.

38.     At all times material hereto, Defendant SPECTRUM knew or should have known, that it was foreseeable that Plaintiff LYONS would be in the direct vicinity of an

at large shooter, whom Defendant SPECTRUM was aware had shot and killed another individual.

39.     At all times material hereto, Defendant SPECTRUM knew or should have known that ordering that Plaintiff LYONS report to a location where a known deadly and active shooter remained at large was likely to result in a substantial risk of serious and catastrophic injury or death to Plaintiff LYONS.

40.     At all times material hereto, Defendant SPECTRUM breached its duties to Plaintiff LYONS by:

> a.     Failing to provide proper warning and instruction regarding the dangers associated with the active shooter.
>
> b.     Failing to provide proper training and education regarding the dangers of covering an active shooter incident and situational awareness while on a crime scene.
>
> c.     Failing to provide adequate safety equipment to protect against the violent attack of an at large active shooter.
>
> d.     Failing to exercise reasonable care under all of the relevant surrounding circumstances.
>
> e.     Failing to protect, prevent, and warn of the known dangers of the above-referenced active shooter; and
>
> f.     Any further negligent acts or omissions that have yet to be discovered.

41.     Defendant SPECTRUM's negligence was the direct and proximate cause of Plaintiff LYONS' death and the damages described herein.

**WHEREFORE**, Plaintiff, GARY LYONS, as Personal Representative of the ESTATE OF DYLAN LYONS, demands judgment for damages against Defendant SPECTRUM and further demands trial by jury.

## COUNT II –VIRTUAL CERTAINTY AND CONCEALED DANGER AGAINST DEFENDANT

42.     Plaintiff LYONS re-alleges paragraphs one (1) through twenty-nine (29) as though more fully set forth herein.

43.     At all times material hereto, Defendant SPECTRUM was engaged in the business of news broadcasting in Orlando, Florida through its ownership and control of Spectrum News 13.

44.     At all times material hereto, Defendant SPECTRUM knew, or should have known based on prior similar incidents or on explicit warnings identifying a known danger, Plaintiff LYONS was virtually certain to come in contact with the active and deadly at large shooter and be injured or killed.

45.     At all times material hereto, Plaintiff LYONS was commanded by Defendant SPECTRUM to report to a location where an active shooter was at large who had already killed another individual.

46.     At all times material hereto, Defendant SPECTRUM concealed the danger from Plaintiff LYONS.

47.     At all times material hereto, Defendant SPECTRUM's actions were the direct and proximate result of Plaintiff LYONS' death.

**WHEREFORE**, Plaintiff, GARY LYONS, as Personal Representative of the ESTATE OF DYLAN LYONS, demands judgment for damages against Defendant SPECTRUM and further demands trial by jury.

## COUNT III – GROSS NEGLIGENCE OF DEFENDANT

48.    Plaintiff LYONS re-alleges paragraphs one (1) through twenty-nine (29) as though more fully set forth herein.

49.    At all times material hereto, Defendant SPECTRUM knew of a clear and imminent danger concerning an active shooter in the direct location Plaintiff LYONS was commanded to report.

50.    At all times material hereto, Defendant SPECTRUM acted with conscious disregard for that clear and imminent danger by:

   a.    Failing to conduct an appropriate safety and situational analysis before requiring Plaintiff LYONS to travel to an active crime scene in a high-crime area to cover the shooting death of another person.

   b.    Failing to warn Plaintiff LYONS of the known and imminent danger of the demanded assignment regarding the shooting and death of Nathacha Augustin.

   c.    Failing to provide Plaintiff LYONS with appropriate safety equipment and security when covering an active crime scene associated with the shooting death of another.

   d.    Commanding Plaintiff LYONS to report to the scene of an active shooter, where one person was killed, and the shooter was still at large in the area.

e.    Any further acts or omissions that have yet to be discovered.

51.    Defendant SPECTRUM's conduct demonstrates a reckless disregard for human life and the safety of all persons exposed to the dangerous effects of said conduct.

52.    Defendant SPECTRUM's conduct displays a want of care, which shows a conscious indifference to the consequences, a wantonness or recklessness, a grossly careless disregard of the safety and welfare of its employees, and/or a reckless indifference to the rights of others, which is equivalent to an intentional violation of Plaintiff LYONS.

53.    Defendant SPECTRUM's gross negligence was the direct and proximate cause of Plaintiff LYONS' death and the damages described herein.

**WHEREFORE**, Plaintiff GARY LYONS, as Personal Representative of the ESTATE OF DYLAN LYONS, demands judgment for damages against Defendant SPECTRUM and further demands trial by jury.

<u>**DEMAND FOR A TRIAL BY JURY**</u>

Plaintiffs request a trial by jury on all issues so triable.

**RESPECTFULLY** submitted this 28th day of January 2025.

*/s/ Mark E. NeJame*
**Mark E. NeJame, Esq.**
Florida Bar Number: 310931
**Ryan J. Vescio, Esq.**
Florida Bar Number: 14032
**DeLayne D. Penland, Esq.**

Florida Bar Number: 1024836
**NEJAME LAW, P.A**
111 N. Orange Avenue, Suite 1300
Orlando, FL 32801
PH: (407) 500-0000
F:    (407) 802-1448
mark@nejamelaw.com
ryan@nejamelaw.com
delayne@nejamelaw.com
PI@nejamelaw.com
Attorney(s) for Plaintiff

Filing # 215662053 E-Filed 01/30/2025 09:35:05 AM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.: 2025-CA-000699-O
DIVISION:  39

**GARY LYONS,**
    Plaintiff,
and

**CHARTER COMMUNICATIONS INC,**
    Defendant
_____/

<u>**UNIFORM TRIAL AND CASE MANAGEMENT ORDER**</u>
**(General Track)**
*(Effective January 1, 2025)*

PURSUANT TO Florida Rules of General Practice & Judicial Administration 2.250 and 2.545 and Florida Rules of Civil Procedure 1.200 and 1.440, and based on the case type designated in the initial filing (as required by AO 2021-04-03), the Court ORDERS as follows:

1.      COMPLIANCE WITH UNIFORM TRIAL AND CASE MANAGEMENT ORDER. The parties must strictly comply with the terms of this Uniform Trial and Case Management Order ("UTCMO"), unless otherwise ordered by the court. Failure to comply with all requirements of this order may result in the imposition of sanctions, up to and including dismissal of this action or the striking of pleadings and entry of default final judgment.

2.      ADDITIONAL NINTH CIRCUIT AND DIVISION-SPECIFIC GUIDELINES. All counsel and unrepresented parties must be familiar with and comply with the following: (a) Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01); (b) Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02); and (c) any division-specific guidelines published by the division (or the division judge) in which the case is pending.

3.      MODIFICATION OF THIS ORDER. The parties may not, individually or by agreement, alter or extend the deadlines in this order or waive any of the provisions of this order. The provisions of this order may be modified only upon motion/stipulation and court order in

1

accordance with applicable law.

      4.     SERVICE OF THIS ORDER WITH INITIAL PROCESS. The court will issue and electronically file a UTCMO within three (3) business days after the date of filing of the initial complaint. Any party serving an initial pleading in this case must serve a copy of this order with initial service of process.

      5.     CASE MANAGEMENT. The following pretrial deadlines are imposed. All dates are to be calculated from the date of the filing of the initial complaint unless otherwise noted. These are the dates that will control this case unless modified by court order pursuant to Florida Rule of Civil Procedure 1.200.

      6.     TRIAL DATE.  This case is set for a jury trial during the trial docket beginning **01/04/2027** in **COURTROOM 18-B** beginning at **9:00 a.m.** at the ORANGE COUNTY COURTHOUSE, 425 N. Orange Ave., Orlando, FL 32801.

      7. PRETRIAL CONFERENCE.  Lead Trial Counsel, or a trial partner with full

      authority,[1] and unrepresented parties must attend a Pretrial Conference on

      **11/30/2026** beginning at **10:00 a.m.** virtually at:

https://ninthcircuit.webex.com/join/39orange

The parties must comply with the requirements for pretrial conferences of the division to which the case is assigned. No motions will be heard at the pretrial conference except as otherwise provided for in the division guidelines or allowed by court order.

---

[1] No other attorney may cover a pretrial conference unless they are: (i) fully prepared; (ii) have confirmed all pretrial requirements have been fulfilled, and (iii) have full authority from the client and lead counsel to make decisions about the case.

2

8. CASE MANAGEMENT. The following pretrial compliance deadlines are imposed. All
dates must be calculated from the date of filing of the initial complaint unless otherwise
noted.

| Deadline for Service of Process: | 120 days |
|---|---|
| Automatic Extension for Service of Process if not perfected timely: | 30 additional days, for a total of 150 days. If service of process is not completed by the end of the Automatic Extension, all unserved defendants are automatically dismissed without prejudice and without notice or further opportunity to be heard. |
| Initial Discovery Disclosures: | 60 days after service. *See* Fla. R. Civ. P. 1.280(a)(3). |
| Motions to Dismiss, Motions for More Definite Statement, Motions to Strike, and Any Objections to the Pleadings: | Must be filed, set for hearing and heard within 60 days from filing of the motion, or automatically deemed abandoned and denied without further order. |
| Disclosure of Expert Witnesses: | 365 days. |
| Deadline for Completion of Fact and Expert Discovery: | 540 days. |
| Motions for Summary Judgment, Daubert Motions and all other motions **except** motions in limine as set forth below: | Filed:     585 days.<br><br>Heard:   No later than 7 days prior to the Pretrial Conference or automatically deemed abandoned and denied without further order. |
| Motions in Limine: | Filed:     Prior to the Pretrial Conference.<br><br>Heard:   No later than 7 days prior to the beginning of the trial period |
| Mediation: | Completed prior to the Pretrial Conference.<br><br>Plaintiff must submit a mediation order[1] for entry by the Court once the date of |

---

[1] All mediation orders shall contain the following language: *All parties, counsel, authorized representatives and other mediation participants are hereby ordered to turn on your video cameras (and visually appear in your video) for the duration of the mediation conference unless otherwise excused by the mediator.*

3

| | mediation has been agreed and a mediator selected. |
|---|---|

9.      EXPERT WITNESSES. The following will govern proceedings related to expert witnesses.

a.      Within the time required in Paragraph 7 above, Plaintiff must disclose the expert witnesses (including both treating and hybrid experts) that Plaintiff actually intends to present at trial. "Experts" is specifically defined in this order (wherever used) to include retained experts, treating experts and hybrid experts.

b.      Defendant must disclose the expert witnesses that Defendant actually intends to present at trial within 15 days of Plaintiff's expert witness disclosure or the time required by Paragraph 7, whichever is later.

c.      Plaintiff must disclose all rebuttal witnesses within 15 days of Defendant's expert witness disclosure or the time required by Paragraph 7, whichever is later.

d.      As used herein, "disclose" means furnishing in writing the expert's (a) name, business address and telephone number, (b) curriculum vitae or qualifications, (c) medical specialty or field of expertise, (iv) statement of the specific subjects upon which the expert will testify and offer opinions, and (v) the party or parties against whom the expert will be called to testify. Any changes in an expert's opinion or changes in the basis of the expert's opinion must be disclosed to all parties no less than 60 days prior to the Pretrial Conference.

e.      All out-of-court testing, experiments, or physical or mental examinations by experts must be completed prior to the expert's deposition.

10.      CLOSE OF DISCOVERY. Discovery closes 540 days after the initial filing of the action. All depositions must be completed by this date. All answers to interrogatories, responses to requests to produce, and requests for admissions must be served by this date. This deadline may only be extended by court order. Joint stipulations to extend this deadline (without court

4

order) do not alter the discovery deadline.

      11.    MOTIONS:

          a.  PRETRIAL MOTIONS *(EXCLUDING MOTIONS IN LIMINE)*, MOTIONS FOR SUMMARY JUDGMENT AND DAUBERT MOTIONS. Must be filed within 585 days of the date of the filing of the initial complaint and heard no later than 7 days prior to the Pretrial Conference. Late-filed motions are subject to summary denial.

          b.  MOTION IN LIMINE AND MOTIONS TO EXCLUDE WITNESSES OR EVIDENCE: Motions in limine and motions to exclude witnesses or evidence must be filed and served prior to the Pretrial Conference. Motions in Limine must be scheduled and heard no later than 7 days prior to the beginning of the trial period. Motions in limine will not be heard during the trial period, absent good cause. No motion in limine may be scheduled for hearing unless it contains a certification of good faith attempt to resolve the matter at issue. Omnibus motions asking that the Court order the opposing party/counsel to comply with Florida law, the Florida Rules of Civil Procedure, and the Florida Rules of Professional Conduct are disfavored.

      12.    MOTIONS FOR SUMMARY JUDGMENT. Motions for summary judgment are subject to the deadline imposed above. Failure to respond to a motion for summary judgment within the time required by Florida Rule of Civil Procedure 1.510(b) may result in the court granting any relief available pursuant to Florida Rule of Civil Procedure 1.510(e). Refer to and comply with any division requirements for additional requirements.

      13.    EXCHANGE OF WITNESS LISTS AND EVIDENCE SCHEDULES. No less than 60 days before the Pretrial Conference, attorneys and unrepresented parties must serve the following:

          a.    A list of all witnesses including potential impeachment and rebuttal

witnesses who may testify at trial. The list must: (a) provide the name, address and telephone number of the witness, and (b) specify whether the witness is a liability, damage, rebuttal, or impeachment witness.

    b.    A schedule of all exhibits, including depositions, a party may offer at trial, lettered sequentially. Exhibits must be described with specificity. For example, "all medical records" is insufficient.

14.    MEETING OF COUNSEL. No later than 15 days prior to the Pretrial Conference, lead counsel and pro se parties, if any, must meet. Live or videoconference attendance at this meeting by Lead Trial Counsel is mandatory. At the meeting, the attorneys and unrepresented parties must:

    a.    Discuss and attempt to settle the case.

    b.    Produce all documents to be offered at trial. Exhibits must be bates-stamped.

    c.    Examine, and initial every exhibit (or entry on an Exhibit Schedule) to be produced by the opposing party at trial. The parties must agree on those exhibits which will be admitted as joint exhibits and those that can be admitted without objection. The parties must identify all other exhibits and specify all objections thereto. "Exhibit Schedules" must be prepared reflecting these separate categories of exhibits for each party. The Exhibit Schedules for each party must be attached to the Joint Pretrial Statement described below. Objections not noted are waived. Exhibits marked for identification must be listed alphabetically (e.g., Ex. A) and, if received in evidence, will be listed numerically (e.g., Ex. 1).

    d.    Review opposing parties' witness lists. Witness lists for each party must be attached to the Joint Pretrial Statement described below.

    e.    Discuss and stipulate to any facts requiring no proof at trial.

    f.    Discuss, clarify, and frame all factual issues of fact to be tried.

g.      Identify all legal, procedural, or evidentiary issues to be decided prior to or during trial.

h.      Discuss any evidentiary stipulations.

i.      Agree upon and draft a concise statement of the case to be read by the Court at the beginning of voir dire.

j.      Discuss the proposed jury instructions (voir dire through closing) and verdict forms. Discuss whether the Court will instruct the jury on the law prior to opening statements and, if so, which jury instructions are to be read at that time.

k.      Prepare Jury Instructions and a Verdict Form. Jury Instructions and Verdict Form must be emailed to the division email address to which the case is assigned in Word format no later than 3 business days before the first day of trial. The email for the jury instructions shall contain the following header on the email: "JURY INSTR.2025-CA-000699-O." The email for the Verdict form shall contain the following header on the email: "VERDICT FORM **2025-CA-000699-O**." External hard drives are discouraged. The parties must designate which instructions are agreed and which instructions, if any, are in dispute. Jury instructions must include a cover page with the case style. Any blanks or bracketed terms contained in the standard jury instructions must be filled in or deleted if inapplicable.

l.      Discuss and attempt to agree upon any other matters leading to a more orderly and expeditious trial.

m.      Prepare a Pretrial Checklist if required by the division procedures to the division email. A courtesy copy of any required checklist must be emailed (but not filed) to the division email, together with the Joint Pretrial Statement, no less than 5 days prior to the Pretrial Conference. The email for the Checklist and the Joint Pretrial Statement must contain the following header on the email: "CHECKLIST & PTS **2025-CA-000699-O**." Counsel shall review and comply with any additional requirement of the division.

15.     JOINT PRETRIAL STATEMENT. The parties must confer on, and file, a Joint

7

Pretrial Statement addressing the matters described below, no later than 5 days prior to the Pretrial Conference, with a courtesy copy sent to the division email. If the Parties are unable to agree on the contents of the Joint Pretrial Statement, the differing views should be set forth within a single Joint Pretrial Statement. The Joint Pretrial Statement must contain the following:

        a.     A statement of the case to be read to the jury at the beginning of voir dire.

        b.     A statement of admitted facts that may be read at trial as a stipulation of counsel.

        c.     A statement of the issues of fact to be tried.

        d.     A statement of the unresolved issues of law, procedure or evidence.

        e.     Each party's witness list.

        f.     Each party's schedule of exhibits with objections.

        g.     Any stipulation on evidentiary matters specifying the applicable matters to which such stipulation applies, e.g., authenticity, hearsay exceptions, etc.

        h.     The number of peremptory challenges available to each party.

        i.     An estimate of the number of jurors requested for the venire panel and a statement regarding the necessity of any jury panel in excess of 22 venirepersons.

        j.     A current estimate of the number of days (to include voir dire) required for trial.

        k.     The specific category of damages, including attorneys' fees, claimed by each party and, when possible, the amount of such damages sought by each party.

        l.     A designation of Lead Trial Counsel. No change of Lead Trial Counsel may be made without leave of the Court if such change would disrupt the trial schedule.

        m.     A list of all pending motions and date filed.  Motions not timely heard in accordance with the dates set forth herein are subject to summary denial.

        n.     A list identifying, with specificity, any matters of which the parties will ask the Court to take Judicial Notice under sections 90.201 and 90.202, Florida Statutes, and

8

any objections or agreement thereto by opposing counsel.

16.    DEPOSITION DESIGNATIONS. No less than 30 days prior to the beginning of the trial period, each party must file designations of the depositions it intends to offer at trial. Counter (or "fairness") designations and objections, if any, must be filed within 7 days of the deposition designations. Objections to the counter-designations shall be filed within 7 days thereafter. Deposition designations must be heard by the Court before the first day of trial unless the court directs otherwise. If the parties cannot resolve objections to deposition designations, and no hearing time can be coordinated, the party making the objection must submit to the court a properly marked copy of the deposition transcript along with a proposed order identifying the page and line of the testimony to which the party objects, the basis for the objection, and a blank space for the Court to rule no later than 7 days prior to the first day of trial.

17.    [FOR OPENING STATEMENTS ONLY]: DEMONSTRATIVE AIDS, COMPUTER SLIDESHOWS AND/OR POWERPOINT PRESENTATIONS. Demonstrative aids, computer slideshows and/or PowerPoint presentations counsel seek to use during opening statement must be shared with opposing counsel no less than 3 business days prior to the beginning of trial. Computer slideshows and/or PowerPoint presentations may refer to what a party believes the evidence will show if the parties agree that the matter will, in fact, be received in evidence. Computer slideshows and/or PowerPoint presentations may not include argument or citations to legal authorities. Disputes over demonstrative aids, computer slideshows and/or PowerPoint presentations must be heard by the Court before the first day of trial. If the parties cannot resolve disputes over computer slideshows and/or PowerPoint presentations (and no hearing time can be coordinated), the demonstrative aids, computer slideshows and/or PowerPoint presentations are subject to being excluded during Opening Statement, subject to Division procedures.

18.    NOTICE OF SETTLEMENT. In the event of settlement, the parties must immediately email the division to which the case is assigned. The email header to the division email must be in the following form: "SETTLEMENT: **2025-CA-000699-O**." Thereafter, the parties

9

must file a Notice of Settlement signed by all parties. Noncompliance with this Paragraph will result in the case remaining on the docket as well as the possible imposition of sanctions. When a Notice of Settlement is filed, the parties are required to appear at trial call on the first day of their designated trial period unless expressly advised they are excused from appearing. If the parties are advised they are excused from appearing at trial call, the parties are directed to conclude the settlement and file the appropriate dismissal within 60 days, or the court may *sua sponte* enter an order of dismissal.

19.    DISCOVERY DISPUTES. All counsel and unrepresented parties must familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible. Counsel are also directed to familiarize themselves with Florida Rules of Civil Procedure 1.280(k), 1.340(a), 1.350(b), and 1.380. Failure to comply with any Florida Rule of Civil Procedure may result in sanctions.

20.    MEET AND CONFER. The parties must comply with the "meet and confer" requirements of Florida Rule of Civil Procedure 1.202(d) **and** Administrative Order No. 2012-03. Any non-compliant motion or notice of hearing may be summarily stricken or denied by the Court, requiring resubmission of the motion, notice of hearing, or both.

21.    SANCTIONS. Failure to attend the meeting of counsel referenced above, the pretrial conference, or the trial, or to comply with the requirements of this order, may result in the imposition of appropriate sanctions, including but not limited to contempt, dismissal, default, striking of pleadings, exclusion of evidence, assessment of attorneys' fees or costs, or any combination thereof.

10

22.    AUDIO/VISUAL. Requests for audio or visual equipment (or both) must be made at least three (3) business days in advance of trial to avoid delaying jury selection. All such requests must be made to the Ninth Circuit's Technology Support Department and not to the division email. For assistance, see the Court's website: www.ninthcircuit.org, under Programs and Services, then Technology Support.

DONE and ORDERED in Orange County, Florida, on the date shown on the electronic signature.

09:34:31
CA-00699

eSigned by Michael Deen  01/30/2025 09:34:31 blz31zaW

**MICHAEL DEEN**
CIRCUIT JUDGE

Copies to Counsel of Record
Via Florida's e-Filing Portal

Aberlynn Derosier

11

Filing # 215541598 E-Filed 01/28/2025 07:15:40 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u>   COUNTY, FLORIDA

<u>GARY LYONS</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>CHARTER COMMUNICATIONS INC</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☒ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.   TYPE OF CASE   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   3

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ DeLayne D Penland       Fla. Bar # 1024836
     Attorney or party            (Bar # if attorney)

DeLayne D Penland          01/28/2025
 (type or print name)       Date

- 3 -