**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA**

GARY LYONS as Personal Representative
of THE ESTATE OF DYLAN LYONS,

    Plaintiff,

vs.

CHARTER COMMUNICATIONS,
INC. a Foreign Profit Corporation,

    Defendant.
_____/

CASE NO.:     2025-CA-000699-O

**PLAINTIFF'S AMENDED INITIAL DISCLOSURE PURSUANT TO
FLORIDA RULE OF CIVIL PROCEDURE 1.280(a)**

Pursuant to Florida Rule of Civil Procedure 1.280(a)(1), Plaintiff, GARY LYONS as Personal Representative of THE ESTATE OF DYLAN LYONS, by and through the undersigned attorney, make the Initial Discovery Disclosures:

**A. Plaintiff identifies the following names, address, telephone number, and email address of each individual likely to have discoverable information that Plaintiff may use to support their claim(s)**

1. Gary Lyons, as personal representative of the estate of Dylan Lyons
   c/o Ryan Vescio, Esquire
   NEJAME LAW, P.A
   111 N. Orange Ave., Ste. 1300
   Orlando, FL 32801
   PH: (407) 500-0000

2. Charter Communications, Inc.
   c/o Paul G. Totten, Esquire
   Hamilton, Miller, & Birthisel, LLP
   100 South Ashley Drive, Suite 1210
   Tampa, Florida 33602

3. Brandi Turner Major
   c/o Ryan Vescio, Esquire
   NEJAME LAW, P.A
   111 N. Orange Ave., Ste. 1300
   Orlando, FL 32801
   PH: (407) 500-0000

4. Tokiyo Major
   c/o Ryan Vescio, Esquire
   NEJAME LAW, P.A
   111 N. Orange Ave., Ste. 1300
   Orlando, FL 32801
   PH: (407) 500-0000

5. Deputy John Doe
   c/o DeBevoise & Poulton, P.A.
   1035 S. Semoran Blvd., Suite 1010
   Winter Park, Florida 32792

6. John Mina, in his official capacity as Sheriff of Orange County, Defendant
   c/o DeBevoise & Poulton, P.A.
   1035 S. Semoran Blvd. Suite 1010
   Winter Park, FL 32792

7. All non-objectionable witnesses disclosed by Defendants in the course of discovery.

8. Any and all witnesses, expert or otherwise, of the Defendants.

9. Any and all witnesses listed in any answers to interrogatories or identified in documents produced pursuant to any subpoena or request for production.

10. Any and all persons named in any and all hospital documents, medical records, or obtained in discovery or otherwise appearing in the Court file.

11. Any and all fact witnesses disclosed through discovery who were involved in the investigation of the incident which is the subject of this litigation or otherwise have knowledge of any issues involved in this cause and by virtue of specialized knowledge, skill, experience, training, or education may qualify to give expert opinion testimony.

12. Any and all expert witnesses who, due to the nature of the continuing discovery, may hereafter be retained in anticipation of giving expert opinion testimony at trial, subject to prompt and timely disclosure thereof to Defendants

13. Any evidentiary or expert witness necessary for photo, diagram, record, video, or other evidentiary authentication, including but not limited to investigators, journalists, freelance photographers, and records custodians.

14. Any applicable records custodians for any record or document listed on Plaintiff's Exhibit List.

15. Any and all medical care providers of Plaintiffs. Names and contact information will be provided in discovery.

Plaintiff reserves the right to amend/supplement this list as additional information becomes available in the course of discovery in this matter.

**B. Documents, electronically stored information, and tangible things in Plaintiff's possession, custody, or control that Plaintiff may use to support their claim(s):**

1. Autopsy Report - Dylan Lyons (previously disclosed).
2. Funeral expenses – shall be provided upon receipt.
3. Healthcare lien – Plaintiff anticipates there may be a healthcare lien, but is unaware of Dylan Lyons' healthcare at the time of death. Plaintiff is working diligently to find this information, which may be disclosed by Defendant in Dylan Lyons' employee file.

Plaintiff reserves the right to amend or supplement this disclosure as to the identity of documents and tangible things with regard to additional documents which may be disclosed during the discovery process.

The preceding disclosures express no opinion of, and constitute no, admission regarding the admissibility of any evidence in this or any other action.

**C. A computation for each category of damages claimed by the Plaintiff (as of this date):**

1. Plaintiff is pending computation of funeral expenses, and confirmation of medical billing liens. Plaintiff will supplement this response as soon as specific calculations become available. Plaintiff will further supplement this response where additional economic damages are discovered during the course of litigation.

2. Non-economic damages: As a preliminary disclosure, Plaintiff estimates non-economic damages in the amount of $1,680,825.00. This amount is expected to increase as discovery progresses.

   Plaintiff reasonably believes punitive damages are warranted, and intends to seek recovery of same should evidence discovered, and offered into the record, so reflect and warrant a recovery.

   Plaintiff will amend and/or supplement as required.

**D. Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse payments made to satisfy the judgment**

1. Insurance policies provided to Plaintiff by Charter Communications will be disclosed to Defendant contemporaneous to this filing (previously disclosed).

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 16, 2025, a true and correct copy of the foregoing was furnished via electronic mail to all counsel of record.

*/s/ DeLayne D. Penland*
Ryan J. Vescio, Esquire
Florida Bar Number: 14032
Mark E. NeJame, Esquire
Florida Bar Number: 310931
DeLayne Penland, Esquire
Florida Bar Number: 1024836
NEJAME LAW, P.A
111 N. Orange Ave., Ste. 1300
Orlando, FL 32801
PH: (407) 500-0000
F:   (407) 802-1448
ryan@nejamelaw.com
mark@nejamelaw.com
delayne@nejamelaw.com
PI@nejamelaw.com
*Attorney(s) for Plaintiffs*