IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO.:

GARY LYONS as Personal Representative
of THE ESTATE OF DYLAN LYONS,

    Plaintiff,
vs.

CHARTER COMMUNICATIONS, INC. a
Foreign Profit Corporation,

    Defendant.
_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiff, GARY LYONS as Personal Representative of the ESTATE OF DYLAN LYONS (hereinafter "LYONS"), and sue the Defendant, CHARTER COMMUNICATIONS, INC. (hereinafter "SPECTRUM"), and allege as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is an action for damages in excess of $50,000.00 (Fifty Thousand Dollars), exclusive of attorneys' fees, interest, and costs.

2. At all times material hereto, Plaintiff LYONS was a resident of the State of Florida.

3. At all times material hereto, Defendant SPECTRUM is a Foreign Profit Corporation with its principal place of business located in Stamford, Connecticut that conducts business in the State of Florida, including Orange County, Florida.

4.  Venue is appropriate and proper in Orange County pursuant to § 47.011, Fla. Stat. because this incident occurred in Orange County, Florida.

## ALLEGATIONS COMMON TO ALL COUNTS

5.  At all times material hereto, Plaintiff LYONS was employed by Defendant SPECTRUM as a news reporter covering live incidents for broadcast by Defendant SPECTRUM.

6.  Defendant SPECTRUM operates more than thirty (30) local Spectrum News television and digital networks in 12 states[1], including Spectrum News 13, which reports television news. By providing such coverage, Defendant SPECTRUM derives economic and advertising income benefits.

7.  Spectrum News 13 provides local television news coverage for incidents occurring in Brevard, Flagler, Lake, Marion, Orange, Osceola, Polk, Seminole, and Volusia.

8.  In furtherance of Plaintiff LYONS' employment duties, he was required to travel to various locations in the Orlando / Daytona Beach / Melbourne Media Market to cover live incidents for broadcast by Defendant SPECTRUM.

9.  Oftentimes, said live incidents involve violent incidents, including homicides, that occur in high-crime locations.

---

[1] *About Spectrum Networks*, Charter Communications, https://corporate.charter.com/spectrum-networks, (*last accessed* December 30, 2024).

10. At all times material hereto, Defendant SPECTRUM had a non-delegable duty to maintain and provide a safe working environment to Plaintiff LYONS and others similarly situated.

11. At all times material hereto, Defendant SPECTRUM had the responsibility, authority, and obligation to provide a workplace free from serious hazards.

12. On or about February 22, 2023, while actively employed by Defendant SPECTRUM, Plaintiff LYONS was commanded by Defendant SPECTRUM to report on location at Harrington Drive and Hialeah Street in Pine Hills, Orange County, Florida, about the fatal shooting of Nathacha Augustin by an individual later identified as Keith Moses ("Moses"), despite Defendant SPECTRUM being aware the shooter was still at large at the time of such demand by Defendant SPECTRUM.

13. During the same February 22, 2023 incident, Spectrum News photojournalist Jesse Walden was also wounded and left in critical condition but ultimately survived.

14. While on scene reporting on the death of Nathacha Augustin, Plaintiff LYONS was ambushed, shot, and killed by Moses[2].According to the District Nine Medical Examiner's Office, Plaintiff LYONS' cause of death was gunshot wound to the chest, and the manner of death was Homicide.While employed by Defendant

---

[2] Moses is currently being prosecuted by the State of Florida for the deaths of Plaintiff LYONS and other victims Nathacha Augustin, T'Yonna Major, and Brandi Major in Orange County, Florida Circuit Court Case Number 2023-CF-002486-A-O.

SPECTRUM, including at the time of Plaintiff LYONS' death, he was not provided with any security or protective equipment to protect against being attacked or shot.

15. Defendant SPECTRUM employs news reporters and videographers, such as Plaintiff LYONS, to go to active crime scenes involving violence and provide coverage. However, although Defendant SPECTRUM requires travel to high-crime areas, Defendant SPECTRUM does not provide said reporters and videographers with any personal protection measures or security personnel.

16. Journalists face an increasing threat of violence due to their work. Since 2017, at least 321 journalists, including Plaintiff LYONS, have been either shot or shot at by others[3].

17. On March 16, 2022, a journalist with NBC-affiliated station KJRH-TV was shot with a pellet gun while reporting live in Tulsa, Oklahoma[4].

18. On July 5, 2021, two journalists with KSAT 12 News in San Antonio, Texas, were shot at by a gunman, later killed by law enforcement while covering a fire at a home where law enforcement had discovered spent ammunition cartridge casings[5].

---

[3] Freedom of the Press Foundation, *Incident Database*, U.S. Press Freedom Tracker, https://pressfreedomtracker.us/all-incidents/?tags=shot+%2F+shot+at&categories=Assault (*last visited* December 30, 2024).

[4] Ryan Love, *Tulsa police look to identify people responsible for pellet gun shooting*, 2 News Oklahoma, https://www.kjrh.com/news/local-news/tulsa-police-looking-into-pellet-gun-shootings (*last visited* December 30, 2024).

[5] Ben Spicer, *SAPD: Man who opened fire at KSAT journalists fatally shot by officers*, KSAT-12 News, https://www.ksat.com/news/local/2021/07/05/investigators-working-to-determine-cause-of-house-fire-on-west-side/ (*last accessed* December 30, 2024).

19. On September 4, 2017, a videographer with The New Carlisle News was shot while setting up his camera to photograph a traffic stop during a lightning storm while law enforcement mistook the journalist's tripod as a gun[6].

20. On December 18, 2017, the Dart Center for Journalism at the Journalism School at Columbia University and the Trauma Research Lab at the University of Tulsa released their academic study "Journalists and Safety Training: Experiences and Opinions" (the "Study"). Bruce Shapiro, *Journalists and Safety Training: Experiences and Opinions*, Columbia Journalism School and University of Tulsa (December 18, 2017).

21. The Study, which interviewed journalists and the safety training that existed then, identified that only 53 percent of journalists participated in safety training within the previous three years of the study and that only 43 percent of those surveyed reported ever taking a refresher course in safety. (Study, p. 5).

22. Given these glaring discrepancies in safety training for journalists, including those similarly situated to Plaintiff LYONS, in October 2018, the Industry Standard for Safety Training ("ISST") was launched by the A Culture of Safety Alliance ("ACOS"), a global coalition of over 168 news organizations, journalist associations, and press freedom Non-Governmental Organizations that champion safe and responsible

---

[6] WKEF/WRGT, *"Somebody was looking out for me," journalist shot by Ohio deputy speaks*, Dayton 24/7 Now, https://dayton247now.com/news/local/officer-involved-shooting-reported-in-new-carlisle (*last accessed* December 30, 2024).

journalism practices.[7] Defendant SPECTRUM is not a signatory to ACOS and its initiatives associated with journalist safety.

23. The ISST curriculum calls for establishing and implementing specific training courses to include Physical Threats, Hazards, and Risks focused in part on weapons awareness, types, ranges, cover, and concealment. (ISST Item 2.5, as cited within *Industry Standard for Safety Training*, https://www.acosalliance.org/_files/ugd/c1a6a6_f03922f67800424489512ef861c48edb.pdf (*last accessed* December 30, 2024).

24. At all times material hereto, Defendant SPECTRUM, owed a duty to protect, prevent, and warn Plaintiff LYONS and other reasonably foreseeable person(s) employed by Defendant SPECTRUM while conducting their employment obligations and requirements who could be exposed to an active shooter or violent assailant.

25. At all times material hereto, Defendant SPECTRUM breached the duty owed to Plaintiff LYONS and other reasonably foreseeable persons who could be exposed to an active shooter or violent assailant.

26. Plaintiff LYONS' death was a direct and proximate result of Defendant SPECTRUM's negligence.

27. Plaintiff LYONS' death was a direct and proximate result of Defendant SPECTRUM's substantial certainty that an injury or death would occur.

---

[7] ACOS Alliance, *About US*, ACOS Alliance, https://www.acosalliance.org/about-acos (*last accessed* December 30, 2024).

28. Plaintiff LYONS' death was a direct and proximate result of Defendant SPECTRUM's gross negligence.

29. Plaintiff LYONS is survived by his mother and father. As a direct and proximate result of Plaintiff LYONS' death, pursuant to § 768.21, Fla. Stat., damages of the survivors and the estate are the following:

    a. Beth and Gary Lyons, as surviving parents, have suffered mental pain and suffering, both in the past and future;

    b. GARY LYONS as Personal Representative for the ESTATE OF DYLAN LYONS, deceased, has incurred medical bills and funeral expenses; and

    c. GARY LYONS as Personal Representative for the ESTATE OF DYLAN LYONS, deceased, has suffered loss of net accumulations.

## COUNT I – NEGLIGENCE OF DEFENDANT

30. Plaintiff LYONS re-alleges paragraphs one (1) through twenty-nine (29) as though more fully set forth herein.

31. At all times material hereto, Defendant SPECTRUM employed Plaintiff LYONS as a news reporter for Spectrum News 13 in Orlando, Florida.

32. At all times material hereto, Defendant SPECTRUM had a non-delegable duty to maintain and provide a safe working environment for Plaintiff LYONS and others similarly situated.

33. At all times material hereto, Defendant SPECTRUM had a non-delegable duty to provide sufficient and reoccurring journalism safety training to Plaintiff LYONS and other reasonably foreseeable persons associated with their employment as news reporters reporting on active news events in the public.

34. At all times material hereto, Defendant SPECTRUM owed a duty to Plaintiff LYONS and other reasonably foreseeable persons assigned to cover live news events with relevant and adequate safety equipment when violence or the threat of violence exists.

35. At all times material hereto, Defendant SPECTRUM owed a duty to Plaintiff LYONS and other reasonably foreseeable persons who could be exposed to known dangers, such as an active shooter at large suspected of having committed recent violent acts.

36. At all times material hereto, Defendant SPECTRUM owed a duty to Plaintiff LYONS and other reasonably foreseeable persons to conduct an appropriate risk assessment on potential news coverage assignments to ensure the safety and security of news reporters and staff before assigning coverage of active incidents.

37. At all times material hereto, Defendant SPECTRUM owed a duty to provide adequate warning and instruction to employees, including Plaintiff LYONS, and other reasonably foreseeable persons who could be exposed to a dangerous and active shooter.

38. At all times material hereto, Defendant SPECTRUM knew or should have known, that it was foreseeable that Plaintiff LYONS would be in the direct vicinity of an

at large shooter, whom Defendant SPECTRUM was aware had shot and killed another individual.

39. At all times material hereto, Defendant SPECTRUM knew or should have known that ordering that Plaintiff LYONS report to a location where a known deadly and active shooter remained at large was likely to result in a substantial risk of serious and catastrophic injury or death to Plaintiff LYONS.

40. At all times material hereto, Defendant SPECTRUM breached its duties to Plaintiff LYONS by:

    a. Failing to provide proper warning and instruction regarding the dangers associated with the active shooter.

    b. Failing to provide proper training and education regarding the dangers of covering an active shooter incident and situational awareness while on a crime scene.

    c. Failing to provide adequate safety equipment to protect against the violent attack of an at large active shooter.

    d. Failing to exercise reasonable care under all of the relevant surrounding circumstances.

    e. Failing to protect, prevent, and warn of the known dangers of the above-referenced active shooter; and

    f. Any further negligent acts or omissions that have yet to be discovered.

41. Defendant SPECTRUM's negligence was the direct and proximate cause of Plaintiff LYONS' death and the damages described herein.

**WHEREFORE**, Plaintiff, GARY LYONS, as Personal Representative of the ESTATE OF DYLAN LYONS, demands judgment for damages against Defendant SPECTRUM and further demands trial by jury.

## COUNT II – VIRTUAL CERTAINTY AND CONCEALED DANGER AGAINST DEFENDANT

42. Plaintiff LYONS re-alleges paragraphs one (1) through twenty-nine (29) as though more fully set forth herein.

43. At all times material hereto, Defendant SPECTRUM was engaged in the business of news broadcasting in Orlando, Florida through its ownership and control of Spectrum News 13.

44. At all times material hereto, Defendant SPECTRUM knew, or should have known based on prior similar incidents or on explicit warnings identifying a known danger, Plaintiff LYONS was virtually certain to come in contact with the active and deadly at large shooter and be injured or killed.

45. At all times material hereto, Plaintiff LYONS was commanded by Defendant SPECTRUM to report to a location where an active shooter was at large who had already killed another individual.

46. At all times material hereto, Defendant SPECTRUM concealed the danger from Plaintiff LYONS.

47. At all times material hereto, Defendant SPECTRUM's actions were the direct and proximate result of Plaintiff LYONS' death.

**WHEREFORE**, Plaintiff, GARY LYONS, as Personal Representative of the ESTATE OF DYLAN LYONS, demands judgment for damages against Defendant SPECTRUM and further demands trial by jury.

### COUNT III – GROSS NEGLIGENCE OF DEFENDANT

48. Plaintiff LYONS re-alleges paragraphs one (1) through twenty-nine (29) as though more fully set forth herein.

49. At all times material hereto, Defendant SPECTRUM knew of a clear and imminent danger concerning an active shooter in the direct location Plaintiff LYONS was commanded to report.

50. At all times material hereto, Defendant SPECTRUM acted with conscious disregard for that clear and imminent danger by:

    a. Failing to conduct an appropriate safety and situational analysis before requiring Plaintiff LYONS to travel to an active crime scene in a high-crime area to cover the shooting death of another person.

    b. Failing to warn Plaintiff LYONS of the known and imminent danger of the demanded assignment regarding the shooting and death of Nathacha Augustin.

    c. Failing to provide Plaintiff LYONS with appropriate safety equipment and security when covering an active crime scene associated with the shooting death of another.

    d. Commanding Plaintiff LYONS to report to the scene of an active shooter, where one person was killed, and the shooter was still at large in the area.

  e. Any further acts or omissions that have yet to be discovered.

  51. Defendant SPECTRUM's conduct demonstrates a reckless disregard for human life and the safety of all persons exposed to the dangerous effects of said conduct.

  52. Defendant SPECTRUM's conduct displays a want of care, which shows a conscious indifference to the consequences, a wantonness or recklessness, a grossly careless disregard of the safety and welfare of its employees, and/or a reckless indifference to the rights of others, which is equivalent to an intentional violation of Plaintiff LYONS.

  53. Defendant SPECTRUM's gross negligence was the direct and proximate cause of Plaintiff LYONS' death and the damages described herein.

  **WHEREFORE**, Plaintiff GARY LYONS, as Personal Representative of the ESTATE OF DYLAN LYONS, demands judgment for damages against Defendant SPECTRUM and further demands trial by jury.

### DEMAND FOR A TRIAL BY JURY

  Plaintiffs request a trial by jury on all issues so triable.

  **RESPECTFULLY** submitted this 28th day of January 2025.

          */s/ Mark E. NeJame*
          **Mark E. NeJame, Esq.**
          Florida Bar Number: 310931
          **Ryan J. Vescio, Esq.**
          Florida Bar Number: 14032
          **DeLayne D. Penland, Esq.**

Florida Bar Number: 1024836
**NEJAME LAW, P.A**
111 N. Orange Avenue, Suite 1300
Orlando, FL 32801
PH: (407) 500-0000
F:   (407) 802-1448
mark@nejamelaw.com
ryan@nejamelaw.com
delayne@nejamelaw.com
PI@nejamelaw.com
Attorney(s) for Plaintiff