UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GARY LYONS, as Personal Representative
of THE ESTATE OF DYLAN LYONS,

    Plaintiff,

                                              CASE NO.: 6:25-cv-00848-ACC-LHP

v.

CHARTER COMMUNICATIONS, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, GARY LYONS, as Personal Representative of THE ESTATE OF DYLAN LYONS, by and through the undersigned counsel, hereby files its response to Defendant's Motion to Dismiss Complaint [Doc. 12], as follows:

### I.    SUMMARY OF ARGUMENT

As pleaded by the Defendants, Dylan Lyons ("Lyons") was fatally shot while working for the Defendant as a news reporter covering a story in Pine Hills, Orange County, Florida, and that the loss of Lyons' life is appalling. (Defendant's Motion to Dismiss (the "Motion to Dismiss"), pp. 1-2). In an attempt to avoid liability, the Defendant argues to the Court that the Complaint in this matter

1

should be dismissed under § 440.11, Fla. Stat. (Florida's Workers Compensation Act), as this statute provides a mechanism for recovery.

The Plaintiff's Complaint and Demand for Jury Trial (the "Complaint") was initially filed on January 28, 2025, in the Florida Circuit Court of the Ninth Judicial Circuit, and later removed to this Court by the Defendant through Defendant's Charter Communications, Inc.'s Notice of Removal [Doc. 1] on May 15, 2025.

The Complaint cites that journalists, such as Lyons, are often the target of violent acts, with at least 321 journalists having been either shot or shot at by others since 2017 while working for journalistic organizations. (Complaint, ¶17) The journalism industry has widely acknowledged the virtual certainty and concealed danger that journalists face on location. It has created journalistic alliances to advocate for, develop, and implement safety and awareness training. This effort aims to increase the statistics, which currently show that only approximately half of journalists have participated in safety training within the previous three years. (Complaint, ¶¶20, 21, 22, 23).

## II.   STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Corcel Corp. v. Ferguson Enters., 551 Fed. Appx. 571 (11th Cir. Fla. 2014) citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)

2

(quoting Bell Atl. Corp. v. Twombly, 550 U.S.544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)); *see also,* Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). The plausibility standard is met where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court must draw the facts from the Complaint, accept those facts as true, and construe them in the light most favorable to the plaintiff. Butler v. Sheriff of Palm Beach County, 2012 U.S. App. LEXIS 13844 (11th Cir. Fla. July 6, 2012); citing Lanfear v. Home Depot, Inc., 679 F.3d 1267, 1271(11th Cir. 2012). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Butler, *supra,* at *8-9.

For the Motion to Dismiss, the Court must view the allegations of the Amended Complaint in the light most favorable to the Plaintiff, must consider the claims of the Complaint as true, and must accept all reasonable inferences therefrom. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007).

### III.   INCORPORATED MEMORANDUM OF LAW

**A.   The affirmative defense of workers' compensation immunity in this matter is not properly considered as a motion to dismiss**

3

The Motion to Dismiss states, "Here, Plaintiff's complaint alleges facts sufficient to show the existence of a worker's compensation defense on a motion to dismiss." Gen. Cinema Bevs. V. Mortimer, 689 So.2d 276, 278 n.3 (Fla. 3d DCA 1995). (Motion to Dismiss, p. 6).

However, the Mortimer case held that the legal issue raised by the employer clearly appears on the face of the complaint "because the employee has brought suit against the employer based on Section 440.39, Florida Statutes." Id. at 278. In this case, the Complaint cites Count I – Negligence of Defendant; Count II – Virtual Certainty and Concealed Danger Against Defendant; and Count III – Gross Negligence of Defendant.

The fact alone that the Complaint includes the cause of action in Count II does not establish that the affirmative defense of the worker's compensation act appears on the face of the complaint.

**B.     The Virtual Certainty and Concealed Danger Exception applies in this case.**

The Motion to Dismiss (p. 8) cites the test for whether an employee can bring a civil action outside of the Florida Worker's Compensation Act:

> (b) When an employer commits an intentional tort that causes the injury or death of the employee. For purposes of this paragraph, an employer's actions shall be deemed to constitute an intentional tort and not an accident only when the employee proves, by clear and convincing evidence, that:

4

> 1. The employer deliberately intended to injure the employee; or
>
> 2. The employer engaged in conduct that the employer knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee, and the employee was not aware of the risk because the danger was not apparent and the employer deliberately concealed or misrepresented the danger so as to prevent the employee from exercising informed judgment about whether to perform the work.
>
> Fla. Stat. § 440.11(1)(b)

The Defendant operates more than 30 separate television and digital networks in 12 different states. (Complaint, ¶6) More specifically, Spectrum News 13 provides local news coverage in Brevard, Flagler, Lake, Marion, Orange, Osceola, Polk, Seminole, and Volusia counties in Central Florida. Given the Defendant's substantial operations in television news stations and digital networks, and especially given the Plaintiff all reasonable inferences of the evidence, the Defendant should know about the dangers that journalists face.

As cited in Paragraph 22 of the Complaint, the issue of journalist violence is so prevalent that over 168 separate news organizations, journalist associations, and press freedom Non-Governmental Organizations worldwide came together to create the A Culture of Safety Alliance ("ACOS").

The Industry Standard for Safety Training ("ISST"), developed by ACOS, has led the initiative to establish and implement specific education for journalists

5

regarding physical threats, hazards, and risks associated with weapons. (Complaint, ¶23)

The Defendant's not being a signatory to the ACOS demonstrates the refusal to accept the dangers that journalists employed by the Defendant face, and an avoidance of the issue synonymous with a turtle placing its head into its shell.

The Defendant assigned Lyons to travel to a high-crime area to cover the death of a woman executed inside a motor vehicle before the shooter fled the area. (Complaint, ¶12, 15). As further pled in Paragraph 12 of the Complaint, the Defendant was aware that the shooter was not in custody and at large at the time the Defendant sent Lyons to the crime scene.

In <u>Gorham v. Zachry Indus., Inc.</u>, 105 So.3d 629, 634 (Fla. 4th DCA 2013), the Florida Fourth district Court of Appeals defined the virtual certainty test exists when "[t]he employer engaged in conduct that the employer knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury of death to the employee." Respectfully, over 168 global news organizations, journalistic associations, and press freedom Non-Governmental Organizations have identified the necessity of safety training and equipment to protect the hundreds of journalists who are shot or otherwise attacked while on assignment.

The Motion to Dismiss cites the proposition that, absent a special relationship, the Defendant has no legal duty to protect Lyons from a third-party criminal attack when it has no control. (Motion to Dismiss, p. 11). However, this position is inconsistent with the Complaint, as the Plaintiff argues that the violating act, outside of Florida's Worker's Compensation Act, is the Defendant's refusal to provide safety training and basic safety equipment before assigning reporters to cover murder investigations in high-crime areas.

The Florida First District Court of Appeals has held: "Generally, a master or employer has an affirmative duty to provide his servants or employees with reasonably safe instrumentalities and places to work. Hicks v. Kemp, 79 So.2d 696, 699 (Fla. 1955); Dearing v. Reese, 519 So.2d 761 (Fla. 1st DCA 1988). An employer has a duty to exercise ordinary care and diligence in maintaining a safe workplace, taking into account the exigencies of the circumstances and the nature of the work to be done. Richards Co., Inc. v. Harrison, 262 So.2d 258, 261 (Fla. 1st DCA), *cert. denied*, 268 So.2d 165 (Fla. 1972); Hicks v. Kemp, 79 So.2d at 700.

On February 22, 2023, Lyons' workplace was the crime scene at the intersection of Harrington Drive and Hialeah Street in Pine Hills, Orange County, Florida. Ordinary care and diligence to safety required the Defendant to provide safety training and basic safety instruments, including private security or body armor, for reporters like Lyons.

The foreseeable facts pled in the Complaint include Lyons being sent to Harrington Drive and Hialeah Street to cover a murder involving a shooter that escaped the crime scene, the widely known hundreds of instances of violence against journalists leading to journalistic organizations around the world coming together to develop and implement safety training for journalists, and that the Defendant operates over 30 separate television news channels that includes news coverage of violent incidents in high crime locations (Complaint, ¶¶6, 9, 12, 14-23).

Drawing all reasonable inferences of the evidence in the Plaintiff's favor, the Defendant's act of ordering a young news reporter who was not provided training or safety equipment to a high-crime area to cover the shooting of Natacha Augustin by Keith Moses, who was at large after the shooting, disregards recognition of the dangerous nature of said workplace.

Respectfully, hundreds of instances of published violence against journalists spurring on an international effort to establish safety standards and training, and the failure of a company owning over thirty separate television news outlets in 12 states to mandate and conduct industry recognized safety awareness training, and to provide employees such as Lyons with basic safety equipment before being sent off into high-crime neighborhoods to cover homicide incidents establishes the existence of danger and virtual certainty of injury to journalists such as Lyons.

8

Contrary to the Defendant's allegation that, "Plaintiff alleges a generalized danger to all news reporters across the country, with no allegations that Charter was aware of this danger or that any of those prior incidents involved Charter employees or reporters in the same area where Plaintiff was injured." (Motion to Dismiss, p. 13)

As pleaded above, the Complaint cites an epidemic of danger to journalists to a degree that major news organizations worldwide have come together to establish organizations, training, and simple standards for safety. The fact that the Defendant, a nationwide media company operating in 12 separate states, attempts to argue that there is no pleading proof that they were aware of any known dangers is nonsensical. Paragraph 22 of the Complaint cites explicitly to the fact that the Defendant is not a signatory to ACOS. Further, Paragraph 40 pleads that:

> At all times material hereto, Defendant SPECTRUM breached its duties to Plaintiff LYONS by:
>
>> A. Failing to provide proper warning and instruction regarding the dangers associated with the active shooter.
>>
>> B. Failing to provide proper training and education regarding the dangers of covering an active shooter incident and situational awareness while on a crime scene.
>>
>> C. Failing to provide adequate safety equipment to protect

> against the violent attack of an at large active shooter.
>
> D. Failing to exercise reasonable care under all of the relevant surrounding circumstances.
>
> E. Failing to protect, prevent, and warn of the known dangers of the above referenced active shooter…

A reasonable inference related to the cited paragraphs above at this stage of the pleadings inures to the Plaintiff insofar as the Defendant has wholly failed to provide training, safety measures, basic safety equipment, or due diligence to determine whether their journalists are safe covering the news that the Defendant demands for corporate profits.

## C. The Defendant's actions concealed and misrepresented the danger Lyons faced on the day of his death.

Without citing to legal authority, the Motion to Dismiss alleges that the Complaint "does not, and cannot" allege deliberate concealment or misrepresentation of the dangers presented by the murderer or Orange County Sheriff's Office to allow Lyons from "exercising informed judgment about whether to perform the work." (Motion to Dismiss, pp. 16-7).

In <u>Bakerman v. The Bombay Co., Inc.</u>, 961 So. 2d 259, 260 (Fla. 2007), the Supreme Court of Florida held that the substantial certainty test of the intentional tort exception to workers' compensation immunity does not have an indispensable

10

requirement that the employer concealed danger from the employee. The Court in Bakerman cited the Supreme Court of Florida case of Turner v. PCR, Inc., 754 So. 2d 683 (2000), which held that concealment is not a necessary element of the substantial certainty analysis.

The Complaint cites that Lyons was going to a high-crime area to report on the murder of an innocent person. The Defendant believed this to be a newsworthy enough event to order Lyons to go into such an area while the murder suspect was not in custody and had left the scene. Requiring an employee in this dynamic to do so misrepresents the dangers present in the scope of employment. Furthermore, not providing employees such as Lyons with training, security, or even something as simple as a bulletproof vest or body armor, in and of itself, misrepresents the grave danger that journalists face when entering hostile and dangerous news scenes.

**D.   If the Motion to Dismiss is granted, the Plaintiff should be allowed to amend their Complaint.**

"A district court's discretion to dismiss a complaint without leave to amend 'is 'severely restrict[ed]' by Fed. R. Civ. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.' ' " Bryant v. Dupree, 252 F.3d 1161 (11th Cir. 2001) (*quoting* Thomas v. Towne of Davie, 847 F.2d 771, 772 (11th Cir. 1988).

If the Court were to grant the Motion to Dismiss, the Plaintiff pleads that justice would require that they be given leave to amend the Complaint.

**WHEREFORE**, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss Complaint [Doc. 12], and for all other relief this honorable court deems necessary and appropriate.

Respectfully submitted,

Dated: July 25, 2025

*/s/ Ryan J. Vescio*
Ryan J. Vescio, Esquire
Florida Bar Number: 14032
Mark E. NeJame, Esquire
Florida Bar Number: 310931
DeLayne Penland, Esquire
Florida Bar Number: 1024836

**NEJAME LAW, P.A**
111 N. Orange Ave., Ste. 1300
Orlando, FL 32801
PH: (407) 500-0000
F:   (407) 802-1448
ryan@nejamelaw.com
mark@nejamelaw.com
delayne@nejamelaw.com
PI@nejamelaw.com
*Attorney(s) for Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed this 25th day of July 2025, using the CM/ECF portal filing system which will send and electronic copy of the foregoing to all counsel of record, including:

JERRY D. HAMILTON
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
PAUL G. TOTTEN
Florida Bar No.: 529931
ptotten@hamiltonmillerlaw.com
BRIAN T. BARRIFFE
Florida Bar No.: 1024874
bbarriffe@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL
150 Southeast Second Avenue, Suite1200
Miami, Florida 33131-2332
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Counsel for Defendant*