UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GARY LYONS as Personal Representative
of THE ESTATE OF DYLAN LYONS,

    Plaintiff,                            CASE NO.: 6:25-cv-00848-ACC-LHP

v.

CHARTER COMMUNICATIONS, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

**DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS [D.E. 12]**

Defendant CHARTER COMMUNICATIONS, INC. ("Charter") requests a Stay of Discovery pending the Court's ruling on its Motion to Dismiss. In support of this request, Charter states as follows:

*Preliminary Statement*

This action involves a claim by Gary Lyons as Personal Representative of The Estate of Dylan Lyons, for damages relating to a tragic incident involving Charter's employee, Dylan Lyons ("Lyons"), who was fatally shot during the course and scope of his employment while working as a news reporter covering a story in Pine Hills, Florida. (D.E. 1-7, at ¶12.) The Complaint alleges that on February 22, 2023, Lyons was "commanded" by Charter to report on location in Pine Hills, Florida, about the fatal shooting of

an individual, Nathacha Augustin, by an unknown individual who was still at large. (Doc. 1-7, at ¶12.) The assailant was later identified as Keith Moses ("Moses"). (*Id.*) While on scene hours later and reporting on the fatal shooting of Augustin, Lyons was shot and killed by Moses, who had apparently returned to the scene. (Doc. 1-7, at ¶14.) Lyons was employed by Charter and the fatal injury occurred within the course and scope of his employment.

Charter filed a motion to dismiss based on Florida Statute §440.11(1) which provides, in pertinent part, that "[t]he liability of an employer prescribed in §440.10 shall be exclusive and in place of all other liability…of such employer to any third-party tortfeasor and to the employee…and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death…." Under Sec. 440.11, Fla. Stat., an employer with workers' compensation coverage is immune from suit by an employee (or employee's representative) otherwise entitled to recover damages from the employer for an injury or death, with limited exception. Sec. 440.11(1)(b), Fla. Stat.

Charter requests that the Court stay all discovery deadlines set forth in the Joint Scheduling Order and Discovery Plan dated July 23, 2015 [D.E. 16] until such time the pending Motion to Dismiss is resolved.

### *Facts Supportive of Relief Sought*

2

1. On July 23, 2025, the Plaintiff propounded his First Request for Production to the Defendant.

2. The pending Motion to Dismiss is dispositive as to whether Plaintiff can maintain this action against Charter. [D.E. 12]. As such, the pending Motion to Dismiss will decide the need to respond to the discovery.

3. Charter will be prejudiced if required to participate in discovery and expend time, money and resources needlessly if the Motion to Dismiss is ultimately granted. If the Court grants the Motion to Dismiss, the need to exchange written discovery and participate in depositions would be eliminated. Thus, a brief stay in the written discovery of this case until the dispositive motion is resolved saves time, expense and resources associated with conducting discovery.

4. Plaintiff will not be prejudiced if discovery is stayed briefly pending the resolution of the Motion to Dismiss. As reflected in the Case Management and Scheduling Order [D.E. 16] adopted by the Court, the current discovery deadline is set for October 8, 2026, over one (1) year and two (2) months from now.

5. Undersigned counsel has conferred with counsel for Plaintiffs who did not respond prior to the deadline to respond to the initial discovery whether the Plaintiff does or does not oppose a stay of discovery prior to the resolution of the pending Motion to Dismiss.

## **MEMORANDUM OF LAW**

I. **Legal Standard**

District courts are given "broad discretion over the management of pretrial activities, including discovery and scheduling." *See Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir.1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.").

A court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case. *Little v. City of Seattle*, 863 F. 2d 681 (9th Cir. 1988) (The court stayed discovery until the immunity issue was decided.) Motions to stay discovery may be granted upon a showing of good cause and reasonableness. *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citing *Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

As such, a short stay of the initial discovery, as well as any other future discovery requests by the Plaintiff is prudent and allows for the conservation of resources.

II. **Analysis**

4

The subject Motion to Dismiss, if granted, will eliminate the need for any other form of discovery. Therefore, this is the type of situation where the Court can temporarily stay the exchange of disclosures and other forms of discovery until the pending motion is resolved. See *Little, supra*, 863 F. 2d 681 (No abuse of discretion in granting stay of discovery on to until the resolution of the immunity issue.); and *Simula, Inc. v. Autoliv, Inc.*, 175 F. 3d 716 (9th Cir. 1999)(Parties were not allowed to engage in pre-arbitration discovery where the relationship between the parties was governed by the parties' agreement containing an arbitration provision.).

As this case is in its early stage, there will be little, if any, prejudice by granting a stay until the Court resolves the Motion to Dismiss. On the other hand, should the Court not stay discovery, the parties may be required to expend time, money and other resources needlessly if the Motion to Dismiss is ultimately granted. When balancing what little, if any, harm a discovery stay may cause with the legal basis in the motion to dismiss, based on Florida Statute §440.11(1) which provides, in pertinent part, that an employer with workers' compensation coverage is immune from suit by an employee (or employee's representative) otherwise entitled to recover damages from the employer for an injury or death, with limited exception. Sec. 440.11(1)(b), Fla. Stat, the scale tips in favor of staying discovery. Therefore, a stay of discovery until the Court resolves the Motion to Dismiss is reasonable.

Florida courts have recognized that a stay of discovery is appropriate where the determination of a dispositive issue of law is pending. *Barco Holdings, LLC v. Terminal Inv. Corp.*, 967 So. 2d 281, 288 (Fla. 3d DCA 2007) (affirming stay of discovery during pendency of motion for summary judgment where "trial court was of the belief that the issues could be decided as a matter of law"); *see also Carrow v. The Florida Bar*, 848 So. 2d 1283, 1285 (Fla. 2d DCA 2003) (affirming stay of discovery where legally insufficient complaint was before trial court); *Bank of America v. De Morales*, 314 So. 3d 528 (Fla. 3d DCA 2020) ("Given the purpose of the immunity asserted, the potentially dispositive nature of the motion, and the circumstances, the trial court abused its discretion in failing to stay discovery until it ruled on the bank's motion to dismiss").

The present case is analogous to *Bank of Am., N.A. v. De Morales*, 314 So. 3d 528 (Fla. 3d DCA 2020), where the Third District Court of Appeal quashed a trial court's denial of a stay of discovery. The reasoning and principles in *De Morales* apply directly here, demonstrating why this Court should stay discovery pending resolution of Defendants' dispositive Motion for Summary Judgment. In *De Morales*, the defendant bank argued that the plaintiff's claims were barred by litigation immunity. *Id.* The court emphasized that litigation immunity was a complete bar to suit, making the defendant's motion to dismiss potentially dispositive. *Id.* at 530. Proceeding with discovery

before ruling on the immunity defense would have caused irreparable harm, as the immunity protected the defendant from the burdens of litigation itself, not merely from liability. *Id.* at 531.

Courts have repeatedly emphasized that immunity from litigation encompasses protection from the process of litigation itself. See *De Morales*, 314 So. 3d at 531; *Tucker v. Resha*, 648 So. 2d 1187, 1189 (Fla. 1994).

Here, as in *De Morales*, allowing discovery to proceed would force Charter to expend significant resources responding to discovery requests, even though their immunity defense could dispose of the case entirely. If Defendant's Motion to Dismiss is granted, all discovery efforts will be rendered moot, wasting both the parties' and the Court's resources. Florida law prioritizes judicial economy and the prevention of unnecessary litigation burdens, which strongly favors granting a stay.

The court in *De Morales* held that the trial court abused its discretion by failing to stay discovery because the defendant's motion to dismiss addressed a potentially dispositive legal issue. *Id.* at 531. The Third District found that delaying discovery until the resolution of the dispositive motion was necessary to prevent harm to the defendant. *Id.* In the alternative, proceeding with discovery would irreparably harm the defendant because the burdens of discovery could not be undone if the motion to dismiss were later granted. *Id.* Once a party has been compelled to engage in discovery, the harm of expending

resources and disclosing potentially sensitive information has already occurred. The court cited *Tucker v. Resha*, 648 So. 2d 1187 (Fla. 1994), which stated that when immunity is asserted, forcing the party to endure litigation nullifies the protective purpose of the immunity. The court further noted that allowing discovery to proceed while a dispositive immunity issue was pending would result in unnecessary litigation expenses and procedural inefficiency. If the trial court ultimately granted the motion to dismiss, all discovery efforts would have been futile, wasting both the parties' resources and the court's time.

A short stay of discovery until Defendant's Motion can be resolved is appropriate. If Defendant is successful, this case will be dismissed, and Defendant will not need to participate in discovery in this forum. Furthermore, this short stay will not prejudice any party. Accordingly, good cause exists to stay all discovery as to the pending ruling on Defendant's Motion to Dismiss.

This motion is filed in good faith and not for dilatory purposes.

**WHEREFORE,** CHARTER COMMUNICATIONS, INC. requests this Honorable Court enter an order to stay discovery in this matter pending a ruling on Defendant's Motion to Dismiss and grant any further relief this Court deems just, necessary and proper under the circumstances.

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that a lawyer in my firm with full authority to resolve this matter had a substantive conversation by telephone with opposing counsel on August 21, 2025, in a good faith effort to resolve this motion before the motion was noticed for hearing but the parties were unable to reach an agreement.

/s/ _Paul G. Totten_____
Paul G. Totten

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the court and furnished to counsel listed below via the Florida Courts E-Filing Portal on this 25th day of August, 2025:

Mark E. NeJame, Esq.
FBN: 310931
RyanJ. Vescio, Esq.
FBN: 14032
DeLayne D. Penland, Esq.
FBN : 1024836
**NEJAME LAW, P.A.**
111 N. Orange Avenue, Suite 1300
Orlando, FL 32801
Phone: 407-500-0000
Fax:    407-802-1448
mark@nejamelaw.com
ryan@nejamelaw.com
delayne@nejamelaw.com
PI@nejamelaw.com
*Counsel for Plaintiff*

Respectfully submitted,

*/s/ Paul G. Totten*
**JERRY D. HAMILTON**
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
**PAUL G. TOTTEN**
Florida Bar No.: 529931
ptotten@hamiltonmillerlaw.com
**BRIAN T. BARRIFFE**
Florida Bar No.: 1024874
bbarriffe@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
100 South Ashley Drive, Suite 1210
Tampa, Florida 33602
Telephone: (813) 223-1900
Facsimile: (813) 223-1933
*Counsel for Defendant*