UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GARY LYONS, as Personal Representative
of THE ESTATE OF DYLAN LYONS,

    Plaintiff,

CASE NO.: 6:25-cv-00848-ACC-LHP

v.

CHARTER COMMUNICATIONS, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS

Plaintiff, GARY LYONS, as Personal Representative of THE ESTATE OF DYLAN LYONS, by and through the undersigned counsel, hereby files its response to Defendant's Motion to Stay Discovery Pending Resolution of Defendant's Motion to Dismiss [Doc. 20] (the "Motion to Stay"), as follows:

### I.    SUMMARY OF ARGUMENT

The Defendant's Motion to Dismiss the Complaint [Doc. 12] cites to Florida's Workers Compensation Act (the "FWCA") (§ 440.11, Fla. Stat.) and argues that the FWCA provides an exclusive remedy for the relief sought by the Plaintiff. In response, the Plaintiff replied that (1) the affirmative defense of

1

worker's compensation immunity is not properly considered as a motion to dismiss (Plaintiff's Response in Opposition to Defendant's Motion to Dismiss the Complaint and Incorporated Memorandum of Law ((the "Response to the Motion to Dismiss") [Doc. 18], p. 3); (2) the virtual certainty and concealed danger exception to the FWCA exists (Response to the Motion to Dismiss, pp. 4-10); (3) the Defendant concealed and misrepresented the danger the Plaintiff faced on the day of his death (Response to the Motion to Dismiss, pp. 10-11); and (4) the Motion to Dismiss, if granted, should not be granted without prejudice (Response to the Motion to Dismiss, pp. 11-12).

Since the FWCA would not provide a litigation waiver to Counts I (Negligence) and III (Gross Negligence), the Court should deny the Motion to Stay.

## II. STANDARD OF REVIEW

The Plaintiff acknowledges the legal authority cited by the Defendant in Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001) that district courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling." *See also* Petrus v. Bowen, 833 F.2d 581 (5th Cir. 1987).

This District Court has previously held that, "[A] request to stay all discovery pending resolution of a motion is rarely appropriate where resolution

of the motion will not dispose of the entire case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (*citing* Lugo v. Alvarado, 819 F.2d 5 (1st Cir. 1987).

### III. INCORPORATED MEMORANDUM OF LAW

**A. The Florida Workers' Compensation Act does not provide a Litigation Waiver to Counts I and III**

The Motion to Dismiss states, "Here, Plaintiff's complaint alleges facts sufficient to show the existence of a worker's compensation defense on a motion to dismiss." Gen. Cinema Bevs. V. Mortimer, 689 So.2d 276, 278 n.3 (Fla. 3d DCA 1995). (Motion to Dismiss, p. 6).

However, the Mortimer case held that the legal issue raised by the employer clearly appears on the face of the complaint "because the employee has brought suit against the employer based on Section 440.39, Florida Statutes." Id. at 278.

The Florida Fifth District Court of Appeals in Eiler v. Camp Dresser & McKee, Inc., 542 So.3d 441, 442-3 (Fla. 5th DCA 1989), held that because a civil complaint raised a cause of action in negligence, and the complaint did not contain any allegations concerning the Workers' Compensation Act, it was error for the trial court to rely upon the existence of an affirmative defense which was established by facts outside the scope of the allegations in the complaint.

In this case, the Complaint cites Count I – Negligence of Defendant; Count II – Virtual Certainty and Concealed Danger Against Defendant; and Count III – Gross Negligence of Defendant. As the issue of Virtual Certainty and Concealed

Danger serves as an exception to the FWCA, Counts I and III do not present, on their face, a cause of action under the FWCA.

## B. The Needs for Ongoing Discovery Favor a Denial of the Motion to Stay Discovery

The cases cited by the Defendant stand for the proposition that staying discovery should be considered when a pending Motion to Dismiss would be dispositive of the entirety of the Complaint if granted. In support of this, the Court in Feldman stated, "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." Feldman, 176 F.R.D. at 652.

Defendant is a Foreign Profit Corporation with its principal place of business located in Stamford, Connecticut (Plaintiff's Complaint and Demand for Jury Trial (the "Complaint"), ¶3, who operates more than thirty (30) local Spectrum News television and digital networks in 12 states, including Spectrum News 13 in Orlando, Orange County, Florida, which reports television news. (Complaint, ¶¶3, 6)

Given the amount of discovery needed in this case, the status of the Parties, and the fact that the Court has already set a discovery deadline, the Motion to Stay Discovery should be denied as the FWCA does not provide a litigation waiver for all counts of the Complaint.

**WHEREFORE**, Plaintiff respectfully requests that this Court deny Defendant's Motion to Stay Discovery Pending Resolution of Defendant's Motion to Dismiss [Doc. 20], and for all other relief this honorable court deems necessary and appropriate.

## CERTIFICATE OF SERVICE

I certify that on September 8, 2025, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of filing to all counsel of record.

> */s/ Ryan J. Vescio*
> **Ryan J. Vescio, Esquire**
> Florida Bar Number: 14032
> **Mark E. NeJame, Esquire**
> Florida Bar Number: 310931
> **DeLayne Penland, Esquire**
> Florida Bar Number: 1024836
> **NEJAME LAW, P.A**
> 111 N. Orange Ave., Ste. 1300
> Orlando, FL 32801
> PH: (407) 500-0000
> F:   (407) 802-1448
> ryan@nejamelaw.com
> mark@nejamelaw.com
> delayne@nejamelaw.com
> PI@nejamelaw.com
> *Attorney(s) for Plaintiff*