UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GARY LYONS as Personal
Representative of THE ESTATE
OF DYLAN LYONS,

      Plaintiff,

v.

CHARTER
COMMUNICATIONS, INC.,

      Defendant,

Case No.: 6:25-cv-00848-ACC-LHP

**ORDER**

This cause comes before the Court on Defendant Charter Communications, Inc.'s ("Defendant") Motion to Dismiss the Complaint (Doc. 12), to which Plaintiff Gary Lyons as personal representative of the estate of Dylan Lyons ("Plaintiff") has filed a Response in Opposition. (Doc. 18). For the reasons set forth below, Defendant's Motion will be granted.

**I.   BACKGROUND**

This case arises from an incident on February 22, 2023, while Dylan Lyons ("Lyons") was working as a news reporter for Defendant at Harrington Drive and Hialeah Street in Pine Hills, Orange County, Florida. (Doc. 1-1 ¶¶ 5, 12). Plaintiff alleges that Defendant "commanded" Lyons to report "about the fatal shooting of Nathacha Augustin by an individual later identified as Keith Moses ("Moses"),

despite Defendant SPECTRUM being aware the shooter was still at large at the time . . . ."[1] (*Id.* ¶ 12). While Lyons was "on scene" reporting on the shooting, he was "ambushed, shot, and killed by Moses." (*Id.* ¶ 14). Jesse Walden, a photojournalist for Defendant, was also wounded by Moses. (*Id.* ¶ 13). During the incident and throughout Lyons's employment, Plaintiff alleges that Defendant did not provide Lyons with security or safety equipment to protect him from being attacked or shot while reporting in high-crime areas or active crime scenes. (*Id.* ¶¶ 14–15).

According to Plaintiff, approximately 321 journalists, including Lyons, have been either shot or shot at while working since 2017. (*Id.* ¶ 16). Plaintiff describes other instances of journalists being shot while reporting in Texas, Oklahoma, and Florida. (*Id.* ¶¶ 17–19). In October 2018, A Culture of Safety Alliance launched the Industry Standard for Safety Training to which Plaintiff alleges Defendant is not a signatory. (*Id.* ¶ 22).

Plaintiff originally filed this lawsuit in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida on January 28, 2025.[2] (Doc. 1-1). On May 15, 2025, Defendant timely removed this Action to this Court asserting diversity

---

[1] Defendant Charter Communications, Inc. "operates more than 30 local Spectrum News television and digital networks in 12 states, including Spectrum News 13 . . . ." (Doc. 1-1 ¶ 6).

[2] Case No. 2025-CA-000699.

jurisdiction.³ (Doc. 1). In Plaintiff's operative Complaint (the "Complaint") (Doc. 1-1), Plaintiff brings claims against Defendant for negligence (Count I) and gross negligence (Count III).⁴ (*Id.* at 7, 11).

## II. LEGAL STANDARD

For purposes of deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). However, the plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).⁵

---

³ The parties are diverse and the amount in controversy exceeds $75,000.

⁴ Plaintiff's "Count II – Virtual Certainty and Concealed Danger Against Defendant" (Doc. 1-1 at 10) appears to be Plaintiff's assertion that this case meets one of the two exceptions to the Florida Workers' Compensation Act without explicitly referencing the Act by name. *See* Fla. Stat. § 440.11(1)(b)(2) ("The employer engaged in conduct that the employer knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was *virtually certain* to result in injury or death to the employee . . . and the employer *deliberately concealed or misrepresented the danger*[.]") (emphasis added).

⁵ Defendant confusingly implies the correct standard of review for its Motion to Dismiss is the standard employed by Florida state courts even after referencing Rule 12(b)(6) in its "Motion to Dismiss Standard" section. (Doc. 12 at 3–5). However, Federal Rule of Civil Procedure 81(c)(1) is clear that "[t]hese rules apply to a civil action after it is removed from a state court." Given that

### III. ANALYSIS

Defendant contends that it is entitled to workers' compensation immunity under Florida Statute § 440.11 based on the nature of Plaintiff's claims. (Doc. 12 at 5). Under Florida law, an employer's liability under § 440.10 is exclusive, and employers are immune from tort liability to employees for their injuries "if those injuries arose out of [the employee's] employment." *Moucha v. Burger King Corp.*, 450 So. 2d 335, 336 (Fla. 5th DCA 1984) (citing Fla. Stat. § 440.10; *Sullivan v. Liberty Mut. Ins. Co.*, 367 So. 2d 658 (Fla. 4th DCA 1979)). There are two exceptions to workers' compensation immunity: (1) "[i]f an employer fails to secure payment of compensation as required by [§ 440.10]" and (2) "[w]hen an employer commits an intentional tort that causes the injury or death of the employee." Fla. Stat. § 440.11(1)(a)–(b). However, "[w]orker's compensation immunity is an affirmative defense and ordinarily is not properly raised by a motion to dismiss the complaint." *Id.*

A defendant may raise workers' compensation immunity on a motion to dismiss only if the "defense clearly appears on the face of the complaint." *See Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993) (citation omitted). Defendant's point is well-taken that the allegations in the Complaint support that

---

the Federal Rules apply after removal, Rule 12(b)(6) and the standards set by the United States Supreme Court apply.

Lyons was acting within the scope of his employment when he was fatally shot and, as a result, workers' compensation immunity under the Florida Workers' Compensation Act (the "FWCA") is potentially applicable to Plaintiff's claims. (Doc. 12 at 6); *see Moucha*, 450 So. 2d at 336 (citations omitted). Plaintiff argues that the Complaint contains sufficient allegations to satisfy the intentional tort exception to workers' compensation immunity. (Doc. 18 at 4).[6]

There are two theories of the intentional tort exception to workers' compensation immunity: (1) where "[t]he employer deliberately intended to injure the employee" or (2) where the employer knew injury or death to the employee was "virtually certain" based on "prior similar accidents or on explicit warnings[.]" Fla. Stat. § 440.11(b)(1)–(2). It is undisputed that Plaintiff does not allege the "deliberately injured" theory of the intentional tort exception. The required elements for the "virtual certainty" theory of the intentional tort exception are:

> 1) employer knowledge of a known danger ... based upon prior similar accidents or explicit warnings specifically identifying the danger that was virtually certain to cause injury or death to the employee; 2) the employee was not aware of the danger ... because it was not apparent; and 3) deliberate concealment or misrepresentation by the employer ... preventing employee from exercising informed judgment as to whether to perform the work.[7]

---

[6] The Complaint does not contain any factual allegations indicating that the "failure to pay compensation" exception applies to this case, nor does Plaintiff argue that it does so.

[7] Plaintiff, citing *Bakerman v. The Bombay Co., Inc.*, 961 So. 2d 259, 260 (Fla. 2007) and *Turner v. PCR, Inc.*, 754 So. 2d 683 (Fla. 2000), contends that the intentional tort exception does

*Ramsey v. Dewitt Excavating, Inc.*, 248 So. 3d 1270, 1273 (Fla. 5th DCA 2018) (citing *Gorham v. Zachry Indus., Inc.*, 105 So. 3d 629, 633 (Fla. 4th DCA 2013)).

Accepting the factual allegations in the Complaint as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff pleads enough to satisfy the "virtual certainty" element of the intentional tort exception. Plaintiff alleges Defendant sent Lyons to a crime scene without any safety equipment despite knowing that the shooter was still at large. (Doc. 1-1 ¶¶ 12, 15). Plaintiff also alleges documented instances of journalists being shot on the job and safety initiatives attempting to respond to this problem, which Plaintiff argues Defendant should have been aware of as a nationwide media company operating in 12 states. (Doc. 1-1 ¶¶ 16–23; Doc. 18 at 9). That is enough at this stage of the proceedings to plausibly allege that Defendant knew that it was "virtually certain" that Lyons would be injured or die while reporting at the scene of the shooting.

However, Plaintiff did not allege that Lyons was not aware of the danger of reporting at the scene of a shooting where the shooter had not yet been apprehended, which is the second required element for the intentional tort exception. Further,

---

not require that the employer concealed danger from the employee. However, these cases used the outdated "substantial certainty" standard which was changed to "virtual certainty" when the Florida Legislature codified the intentional tort exception in 2003, and the court in *Bakerman* specifically noted that the statute did not apply retroactively to that case. *Bakerman*, 961 So. 2d at 262 n.3. Thus, the concealment element of the intentional tort exception is required.

Plaintiff's conclusory allegation that Defendant concealed the danger from Lyons is insufficient because it is not supported by any factual allegations in the Complaint. (Doc. 1-1 ¶ 46).

Plaintiff, without citing to any supporting case law, argues in its Opposition that the allegations that Defendant sent Lyons to the crime scene without safety equipment show that Defendant misrepresented the danger Lyons faced. (Doc. 18 at 11). Plaintiff's argument is not persuasive. *Cf. Vallejos v. Lan Cargo S.A.*, 116 So. 3d 545, 555 (Fla. 3d DCA 2013) ("[T]he Florida Supreme Court held that an employer who ignores manufacturer's warnings, does not provide safety guards, and does not train operators about the machine's dangers may be grossly negligent but does not commit an intentional tort.") (citing *Lawton v. Alpine Engineered Prods., Inc.*, 498 So. 2d 879, 880 (Fla. 1986)). Based on Plaintiff's allegations, the danger of Lyons reporting at the crime scene stemmed from the fact that the shooter had not been apprehended. (Doc. 1-1 ¶¶ 12, 38–39, 45, 49). Plaintiff does not allege that Defendant concealed or misrepresented this fact to Lyons before sending him to the crime scene.

In summary, Plaintiff's allegation that Lyons's death arose out of his employment implicates FWCA immunity unless an exception is shown to apply. While Plaintiff contends the intentional tort exception applies, Plaintiff needs to add factual allegations and specificity to the Complaint in order to properly plead the

intentional tort exception. If Plaintiff is able to do so, then the issue is factual and is best resolved at summary judgment. Plaintiff will get one opportunity to do so. Therefore, the Complaint will be dismissed without prejudice with leave to amend within 14 days.

Based on the foregoing, it is ordered as follows:

1. Defendant Charter Communications, Inc.'s Motion to Dismiss the Complaint (Doc. 12) is **GRANTED**.

2. Plaintiff Gary Lyons as personal representative of the estate of Dylan Lyons's Complaint (Doc. 1-1) is **DISMISSED WITHOUT PREJUDICE**.

3. On or before **November 10, 2025 at noon**, Plaintiff Gary Lyons as personal representative of the estate of Dylan Lyons may file an amended pleading that remedies the deficiencies identified in this Order. Failure to timely file will result in dismissal with prejudice of this case. Plaintiff shall only amend if doing so would comport with the requirements of Federal Rule of Civil Procedure 11(b).

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on October 27, 2025.

/s/ Anne C. Conway
Anne C. Conway
United States District Judge

- 9 -

Copies furnished to:

Counsel of Record

- 9 -