## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

GARY LYONS as Personal Representative
of THE ESTATE OF DYLAN LYONS,

     Plaintiff,

v.                                                                    Case No.:  6:25-cv-00848

CHARTER
COMMUNICATIONS, INC.,

     Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant CHARTER COMMUNICATIONS, INC. ("Charter") by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and 8(c), and under Florida Statute § 440.11, hereby files this Motion to Dismiss the Plaintiff's First Amended Complaint (Doc. 24), with prejudice, pursuant to and due to the failure to comply with the Court's order granting the Defendant's Motion to Dismiss the original Complaint (Doc. 23) and because Florida's Workers Compensation Act is Plaintiff's exclusive remedy, and in support thereof states as follows:

### Introduction

This action involves a claim by Gary Lyons as Personal Representative of The Estate of Dylan Lyons for damages relating to a tragic incident involving Charter's

employee, Dylan Lyons ("Lyons"), who was fatally shot during the course and scope of his employment while working as a news reporter covering a story in Pine Hills, Florida. (Doc. 24, at ¶12.) Charter mourns the loss of Dylan in this difficult incident.

While any loss of life is tragic, this Court must apply Florida law. Under the Florida's Workers' Compensation Scheme enacted by the Florida Legislature, Defendant moves to dismiss Plaintiff's First Amended Complaint pursuant to Florida Statutes § 440.11. Although Plaintiff's First Amended Complaint makes a specific claim for "Virtual Certainty and Concealed Danger" – a clear attempt to fall under the exception to workers' compensation immunity – that pleading offers only threadbare, conclusory allegations which fail to satisfy the high pleading standard to enable him to proceed under the very specific "intentional tort" exception to the workers' compensation statute. That standard requires a showing that the danger is virtually certain to result in an accident every, or almost every, time.

This was the basis for the Defendant's motion to dismiss the original complaint (Doc. 12), which was granted by the Court (Doc. 23) with leave to amend to "add factual allegations and specificity to the Complaint in order to properly plead the intentional tort exception." This Court noted that the "…Plaintiff did not allege that Lyons was not aware of the danger of reporting at the scene of a shooting where the shooter had not yet been apprehended, …" *and* that "…Plaintiff's conclusory allegation that Defendant concealed the danger from Lyons is insufficient because it is not supported by any factual allegations in the Complaint." The Court held that "…Plaintiff needs to add factual allegations and specificity to the Complaint in order

2

to properly plead the intentional tort exception" and that the "Plaintiff shall only amend if doing so would comport with the requirements of Federal Rule of Civil Procedure 11(b)." (Doc. 23, pgs. 6 – 8).

Plaintiff has not and cannot show that this unfortunate tragedy was an intentional tort committed by Charter. A clear reading of the changes from the original Complaint (Doc. 1-7) to the First Amended Complaint (Doc. 24) confirms that the Plaintiff did not plead any "factual allegations and specificity" to the First Amended Complaint as required by the Court.  As such, the First Amended Complaint should be dismissed with prejudice[1].

Florida's Workers Compensation Act is Plaintiff's exclusive remedy and mandates that the First Amended Complaint against Charter be dismissed.

### Background Facts

1.    Decedent Lyons was employed by Charter as a news reporter.  (Doc. 24, at ¶5.)  Part of Lyons' duties were covering live events for broadcast on the television news.  (Doc. 24, at ¶5-6.)

---

[1] The Plaintiff's additions to the First Amended Complaint from the original include the following:

¶ 5 – added "who worked for Defendant SPECTRUM for approximately eight (8) months to the end of the original paragraph.

¶ 12 – added footnote 2 behind "('Moses')" and "(referred herein as the 'February 22, 2023 Incident')."

The entirety of the following brand new paragraphs to the First Amended Complaint: ¶¶ 13, 14, 25, 16, 17, 29, 30, 31, 32, 33 & 34.

And, ¶¶ 18 & 19 of the First Amended Complaint appears to be a modified version of ¶ 14 of the original Complaint (Doc. 1-7).

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 Miami, Florida 33131 Telephone: 305-379-3686 Facsimile: 305-379-369

2.     The First Amended Complaint alleges that on February 22, 2023, Lyons was "commanded" by Charter to report on location in Pine Hills, Florida, about the fatal shooting of an individual, Nathacha Augustin, by an unknown individual who was still at large.  (Doc. 24, at ¶12.)  The assailant was later identified as Keith Moses ("Moses").  (*Id.*)

3.     While on scene hours later and reporting on the fatal shooting of Augustin, Lyons was shot and killed by Moses, who had apparently returned to the scene.  (Doc. 24, at ¶¶18 & 19.)

4.     Lyons was employed by Charter and the fatal injury occurred within the course and scope of his employment.

## Memorandum of Law

### I.    Motion to Dismiss Standard

Under Rule 12(b)(6), Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim if it appears beyond doubt the Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, the court views the allegations set forth in the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

"In addition to the jurisdictional statement and the relief sought, the complaint must contain a plain statement of ultimate facts establishing entitlement to relief." *Pratus v. City of Naples*, 807 So. 2d 795, 796 (Fla. 2d DCA 2002). Whether the

allegations of a complaint are sufficient to state a cause of action is a question of law. *See Siegle v. Progressive Consumers Insurance Co.*, 819 So. 2d 732 (Fla. 2002).

The Florida Supreme Court has held that in order for a complaint to be legally sufficient, the plaintiff must still plead the ultimate facts to support each element of the cause of action. *Eastern Airlines v. King*, 557 So. 2d 574, 576 (Fla. 1990). Florida is a "fact-pleading" jurisdiction which requires pleading facts sufficient to support each cause of action alleged. *See Continental Banking Co. v. Vincent*, 634 So. 2d 242 (Fla. 5th DCA 1994) (noting that (1) Florida's pleading requirements are more demanding than the federal "notice pleading" requirements, and (2) "Florida's pleading rule forces counsel to recognize the elements of their cause of action and determine whether they have or can develop the facts necessary to support it, which avoids a great deal of wasted expense to the litigants and unnecessary judicial effort."); *Ranger Construction Industries, Inc. v. Martin Companies of Daytona, Inc.*, 881 So. 2d 677, 680 (Fla. 5th DCA 2004)("The Florida Rules of Civil Procedure require fact pleading.").

For the purposes of a motion to dismiss, the well-pleaded material allegations of the complaint are taken as admitted, but conclusions of law or unwarranted deductions of fact are not admitted. *Ellison v. City of Fort Lauderdale*, 175 So. 2d 198, 200 (Fla. 1965). To survive a motion to dismiss, a plaintiff must allege more than opinions or conclusions unsupported by specific facts. *Other Place of Miami, Inc. v. City of Hialeah Gardens*, 353 So. 2d 861, 862 (Fla. 3d DCA 1978); *Okeelanta Power Limited Partnership v. Florida Power & Light Co.*, 766 So. 2d 264 (Fla. 4th DCA

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 Miami, Florida 33131 Telephone: 305-379-3686 Facsimile: 305-379-369

2000); *Brandon v. County of Pinellas*, 141 So. 2d 278 (Fla. 2d DCA 1962). The court "will not be bound by bare allegations that are unsupported or unsupportable." *Other Place of Miami*, 353 So. 2d at 862. Where a complaint fails to allege sufficient ultimate facts to establish each element, dismissal for failure to state a cause of action is appropriate. *Condo. Ass'n v. Roof Servs.*, 119 So.3d 1288, 1290 (Fla. 4th DCA 2013).

## II. Plaintiff's claims do not avoid the exclusive remedy of workers' compensation.

### A. The affirmative defense of workers' compensation immunity is properly considered on a motion to dismiss.

Although worker's compensation immunity is an affirmative defense, it may be properly raised by a motion to dismiss the First Amended Complaint where the workers' compensation immunity issue appears on the facts of same. *Moucha v. Burger King Corp.*, 450 So. 2d 335, 336 (Fla. 5th DCA 1984) (citations omitted); *See* Fla. R. Civ. P. 1.110(d); *Davis v. Sun First Nat. Bank of Orlando*, 408 So. 2d 608 (Fla. 5th DCA 1981).   Under Florida Rule of Civil Procedure Rule 1.110(d) "'Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion . . . under  Rule 1.140(b) [governing motions to dismiss] . . . .' The purpose of the rule is '. . . to permit a motion to dismiss for failure to state a cause of action to take advantage of an affirmative defense appearing on the face of the pleading to which the motion is directed. If the pleader affirmatively shows that he has no claim in his pleading, the claim should be disposed of at the earliest possible stage. . . .'" *Gen. Cinema Bevs. v. Mortimer*, 689 So. 2d 276, 278 (Fla. 3d DCA 1995).

In *Ramirez v. Mod. Constr. Experts, LLC*, 2021 Fla. Cir. LEXIS 17707, *4-6,

6

the Court found because the complaint contained allegations by the plaintiff as to a lack of worker's compensation immunity, the exclusionary provisions of section 440.11, Florida Statutes were correctly raised in the defendant's motion to dismiss. *Id.* (citing *Walker v. I.T.D. Industr., Inc.*, 437 So. 2d 230 (Fla. 2nd DCA 1983); *Gonzalez v. Addi Co.*, 444 So. 2d 1132 (Fla. 4th DCA 1984)).

Similarly, in *Ruiz v. Aerorep Grp. Corp.*, 941 So. 2d 505, 507-08 (Fla. 3d DCA 2006), the court noted "[a]lthough workers' compensation immunity usually cannot be raised in a motion to dismiss, an exception exists allowing the defense to be raised in a motion to dismiss where the defense appears on the face of the complaint." The *Ruiz* court found that the operative complaint specifically alleged that the incident occurred within the course and scope of employment and as such concluded that the trial court properly dismissed the battery claim against the defendant employer based on the employer's entitlement to workers' compensation immunity. *Id.*

Here, Plaintiff's First Amended Complaint alleges facts sufficient to show the existence of a worker's compensation defense and thus the issue of worker's compensation immunity is appropriately decided on a motion to dismiss. *Gen. Cinema Bevs. v. Mortimer*, 689 So. 2d 276, 278 n.3 (Fla. 3d DCA 1995). The allegations in the First Amended Complaint establish (1) the decedent was employed by Charter (Doc. 24, at ¶12) and (2) that the decedent was killed during the course and scope of his employment with Charter *Id.* In addition to establishing an employment relationship and that the incident occurred during the course and scope of employment, Plaintiff's First Amended Complaint also alleges Virtual Certainty

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 Miami, Florida 33131 Telephone: 305-379-3686 Facsimile: 305-379-369

and Concealed Danger (Count II), which is a claim that on its face attempts to establish the "intentional tort" exception to the workers' compensations statute. Thus, the worker's compensation immunity defense appears on the face of the First Amended Complaint and is properly raised by a motion to dismiss.

## B.    The Workers' Compensation Act.

"When an employee's injury arises out of the course and scope of his or her employment, worker's compensation is the exclusive remedy for the injury, and the employer is provided with immunity from any other liability for the injury." *Ruiz*, 941 So. 2d at 507-508 (citing *FCCI Ins. Co. v. Horne*, 890 So. 2d 1141, 1143 (Fla. 5th DCA 2004); *Lovin Mood, Inc. v. Bush*, 687 So. 2d 61, 62 (Fla. 1st DCA 1997)). The Florida legislature has given employees in this state a very clear and specific mechanism to receive payment for on-the-job injuries. The workers' compensation system guarantees a "quick and efficient delivery of disability and medical benefits to an injured worker" and "facilitate[s] the worker's return to gainful reemployment at a reasonable cost to the employer." Fla. Stat. § 440.015. This statutory scheme "is based on a mutual renunciation of common-law rights and defenses by employers and employees alike." *Id*. "Injured employees who fall within the scope of this provision are to be swiftly provided compensation and necessary medical benefits by the employer, irrespective of fault as a cause of the injury." *Bakerman v. The Bombay Co.*, 961 So. 2d 259, 261 (Fla. 2007). The trade off in relation to these benefits is that the employees are barred from pursuing actions in tort for injuries which occur during the course and scope of their employment. Under this modified no-fault system,

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 Miami, Florida 33131 Telephone: 305-379-3686 Facsimile: 305-379-369

employers in compliance with the Workers' Compensation Act are immune from their employees' common law negligence actions for damages arising from work-related injuries. *Id.* at 262; *see also* § Fla. Stat. 440.11(1).

The Florida's workers' compensation scheme provides the exclusive remedy where an employee is injured in the course and scope of his or her employment. *Ramirez*, 2021 Fla. Cir. LEXIS 17707, *4-6. Employers are therefore immune from liability for negligence to employees for injuries which occur during the course and scope of employment. *Id.* The only two exceptions to worker's compensation immunity are "(1) when the employer fails to secure workers' compensation coverage, or (2) when the employer commits an intentional tort." *Id.* (citing *Gustafson's Dairy, Inc. v. Phiel*, 681 So. 2d 786, 790 (Fla. 1st DCA 1996)).

Section 440.11 gives an employer "immunity from civil suit by the employee, except in the most egregious circumstances." *Bakerman*, 961 So. 2d at 262; *see also List Indus., Inc. v. Dalien*, 107 So. 3d 470, 473 (Fla. 4th DCA 2013) ("A civil personal injury lawsuit by an employee against an employer under section 440.11 was intended to be the rarest of exceptions to the immunity granted to the employer.").

Fla. Stat. § 440.11(1)(b) sets forth the test which a court must use to analyze whether an action against an employee may proceed:

> (b) When an employer commits an intentional tort that causes the injury or death of the employee. For purposes of this paragraph, an employer's actions shall be deemed to constitute an intentional tort and not an accident only when the employee proves, by clear and convincing evidence, that:
>
> 1. The employer deliberately intended to injure the employee; or

9

2. The employer engaged in conduct that the employer knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee, and the employee was not aware of the risk because the danger was not apparent and the employer deliberately concealed or misrepresented the danger so as to prevent the employee from exercising informed judgment about whether to perform the work.

Fla. Stat. § 440.11(1)(b)

## C.    Charter is immune from suit as Lyons' employer.

Plaintiff's Amended Complaint clearly alleges that (1) Lyons was employed by Lyons as a news reporter, (2) that Charter "commanded" Lyons to report on scene about the shooting of Augustin, and (3) that Lyons was fatally injured while he was on scene engaged in that reporting.   (Doc. 24, at ¶5-6, 12, 17 – 19.)  It is equally clear that Lyons was injured in the course and scope of his employment with Charter. Because Charter is Lyons' employer under the worker's compensation statute, it is immune from suit because Lyons' statutory compensation is the exclusive remedy.

### i.    Plaintiff cannot meet any of the exceptions to workers' compensation immunity.

Plaintiff does not make any allegation as to failure to procure workers' compensation insurance or failure to pay benefits.  The only remaining exception to workers' compensation immunity is the "intentional tort" exception which is a very specific exception that the statute defines as encompassing two scenarios.  The first scenario is when an employer deliberately injures an employee § 440.11(1)(b)(1), Fla.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 Miami, Florida 33131 Telephone: 305-379-3686 Facsimile: 305-379-369

Stat.;" Unquestionably, Plaintiff cannot establish that Charter deliberately intended to injure Lyons, nor has Plaintiff alleged such.

The second exception arises when an employer has specific knowledge of a specific danger:

1.    The employer engaged in conduct that the employer knew, based on similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee; *and*

2.    The employee was not aware of the risk because the danger was not apparent; *and*

3.    The employer deliberately concealed or misrepresented the danger to prevent the employee from exercising informed judgment about whether to perform the work.

*Gorham v. Zachry Indus., Inc.*, 105 So. 3d 629, 633 (Fla. 4th DCA 2013) (citing section 440.11(1)(b)).  None of the elements of section 440.11(l)(b)(2) are present here.

Furthermore, even after being given "one opportunity" to "add factual allegations and specificity to the Complaint in order to properly plead the intentional tort exception" (Doc. 23), the Plaintiff has failed to do so in his First Amended Complaint. In fact, the only thing remotely close to complying with the Court's instruction are contained in ¶¶ 31 & 32, which read as follows:

31.    When Defendant SPECTRUM required Plaintiff LYONS to cover the February 22, 2023 Incident while Moses was at large, Defendant SPECTRUM injuriously or intentionally suppressed, or refrained from disclosing, the known danger of the news scene to Plaintiff LYONS.

11

32.    Such misrepresentation existed through the combination of Plaintiff LYONS' lack of field experience (having had only approximately two years of experience) coupled with the failure of Defendant SPECTRUM to provide safety training and physical safety protections for their journalist employees.

However, ¶¶ 31 & 32, are clearly just a generalized pleading, without any "factual allegations and specificity" to support same. This most obvious is in ¶ 32 which states that "[s]uch misrepresentation existed through the combination of Plaintiff LYONS' lack of field experience (having had only approximately two years of experience) coupled with the failure of Defendant SPECTRUM to provide safety training and physical safety protections for their journist employees."

Accordingly, and as is more laid out in ¶¶ 33 & 34, Plaintiff is alleging that the "failure to provide safety training and basic physical security items" is akin to support the conclusory allegations that (1) Lyons was not aware of the danger of reporting at the scene of a shooting were the shooter had not yet been apprehended" and (2) that the Defendant "concealed the danger from Lyons" (Doc. 23).

In fact, these new allegations and assertions included in the First Amended Complaint do not include adequate, much less *any*, factual allegations or specificity to support either to support the intentional tort exception. They are, at best, expanded general allegations without any specificity, in violation of the requirements in this Honorable Court's Order on the Defendant's Motion to Dismiss the Original Complaint (Doc. 23).

12

1. **Plaintiff has failed to allege sufficient facts that Charter engaged in conduct it knew was virtually certain to result in injury or death.**

Plaintiff has again failed to allege ultimate facts to overcome the first prong. There are no facts concerning prior similar incidents or explicit warnings that put Charter on notice of any "known danger." *See generally Cutler v. Board of Regents of State of Fla.*, 459 So. 2d 413, 415 (Fla. 1st DCA 1984) (dismissing the complaint where the plaintiff failed to allege ultimate facts supporting her conclusion that the defendants knew of prior incidents).

The workers' compensations statute was strengthened by the legislature in 2003 to change the burden from "substantially certain" to "virtually certain." The new standard took effect on October 1, 2003. The "virtual certainty" standard "is an extremely different and a manifestly more difficult standard to meet [than the previous substantial certainty standard]. It would mean that a plaintiff must show that a given danger will cause an accident every - or almost every - time." *List Indus., Inc.*, 107 So. 3d at 471.

Once again, the Plaintiff's First Amended Complaint has failed to "add factual allegations and specificity to the Complaint in order to" support a claim that Charter engaged in conduct virtually certain to result in injury or death to Lyons. As a threshold matter, Plaintiff seeks to hold Charter liable under an intentional tort theory for the sudden criminal attack of a third party. Generally, unless there is a special relationship, there is no legal duty to protect a person from criminal attacks of third parties over whom it has no control. *Boynton v. Burglass*, 590 So.2d 446, 448

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 Miami, Florida 33131 Telephone: 305-379-3686 Facsimile: 305-379-369

(Fla. 3d DCA 2004) ("Florida courts have been loathe to impose liability based on a defendant's failure to control the conduct of a third party.").  Moreover, even where a special relationship exists, there must be sufficient allegations that show that the attack was foreseeable or anticipated. *Saunders v. Baseball Factory*, 361 So. 3d 365 (Fla. 4th DCA 2023) (affirming order granting motion to dismiss complaint involving an aggravated battery at a baseball game where the complaint failed to allege facts to show that the defendant was on notice of the potential for violence"); *Menendez v. Palms West Coast Condo. Ass'n, Inc.,* 736 So. 2d 58, 60 (Fla. 1st DCA 1999)( A "landowner should not be required to take precautions against a sudden attack which the landowner has no reason to anticipate.").   Plaintiff failed to plead ultimate facts to show that the incident was foreseeable, much less the more stringent standard of "virtually certain" to occur.  *See* Black's Law Dictionary Abridged Sixth Edition, p. 449 (defining foreseeability as "[t]hat which is objectively reasonable to expect, not merely what might conceivably occur").

As in the original complaint, Plaintiff alleges in a conclusory fashion that "LYONS' death was a direct and proximate result of Defendant SPECTRUM's substantial certainty that an injury or death would occur." (Doc. 24, at ¶38.)  The First Amended Complaint also alleges that Charter knew or should have known "based on prior similar incidents or on explicit warnings identifying a known danger, Plaintiff LYONS was virtually certain to come in contact with the active and deadly

at large shooter and be injured or killed."  (Doc. 24, at ¶55[2].)  Plaintiff further alleges—with no supporting allegations whatsoever—that Defendant "concealed the danger from Plaintiff LYONS." (Doc. 24, at ¶57.)

The continued threadbare allegations in the First Amended Complaint do not rise to the level necessary to satisfy the pleading requirement to state a claim for the intentional tort exception to the workers' compensation scheme, nor do they comply with this Court's Order granting the original MTD (Doc. 23). Under black letter law, Plaintiff must allege sufficient ultimate facts which demonstrate that Charter engaged in conduct it knew was "virtually certain" to result in injury or death to Lyons, based on prior similar incidents or explicit warnings.

Plaintiff has now failed to meet this burden twice.  Plaintiff has not alleged any prior similar incidents where an employee of Charter was shot while reporting on a news story – and cannot because they do not exist. Plaintiff has not alleged (and cannot) that Charter was aware there was an active shooter in the area, or even aware that Moses was still in the area after having fled the scene following the shooting of Augustin, despite this Court's order to plead "…factual allegations and specificity…".  Plaintiff has not alleged (and cannot) that Charter was advised by any police department—or anyone at all—that there was an ongoing threat posed by Moses in the area; or that Charter ordered Lyons to report from a prohibited area or

---

[2] ¶ 55, and in fact all paragraphs under Counts I, II and III of the First Amended Complaint (Doc. 24) are all completely unchanged from the original Complaint (Doc. 1-7) and added no new factual allegations or specificity within any of the Counts.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 Miami, Florida 33131 Telephone: 305-379-3686 Facsimile: 305-379-369

an area that had been secured and blocked off by police to the general public due to an active and ongoing manhunt for Moses.[3]  Plaintiff has failed to allege any ultimate facts whatsoever to show that Charter had reason to believe that the fatal shooting of Augustin was anything other than a singular targeted criminal attack, and had reason to believe that Moses was still in the area and would continue to shoot and kill others.

Instead, Plaintiff doubles down on prior allegations of a generalized danger to all news reporters across the country, with no specific allegations that Charter was aware of this danger or that any of those prior incidents involved Charter employees or reporters in the same area where Plaintiff was injured.  This does not rise to the level that the "given danger will cause an accident every - or almost every – time" as required under the statute.  In short, the First Amended Complaint contains no facts to support the allegation that Charter knew Lyons was "virtually certain to come in

---

[3]   As argued in the Motion to Dismiss the Original Complaint (Doc. 12), even given the ability to amend the original Complaint to bring such allegations, the Plaintiff has failed to do so in his First Amended Complaint.  In a related case filed in the United Stated District Court for the Middle District of Florida, filed by the Estate of Dylan Lyons against the Sheriff of Orange County (Case No.: 6:25-cv-00252), it is alleged by the Estate of Dylan Lyons in the Second Amended Complaint that the crime scene was reopened to the public within four hours of Augustin's shooting, a description of Moses was not distributed by police, and  the presence of Moses in the area was not disclosed by police who indicated "everything is under control."  (*See* Case No.: 6:25-cv-00252, Doc. 36, at ¶¶21-26.)  The court may take judicial notice of the fact that these allegations were made in another lawsuit.  This Court may take judicial notice of "[r]ecords of any court of this state or of any court of the United States or of any state, territory, or jurisdiction of the United States." *Green Tree Servicing Llc v. Hardmon*, 2015 Fla. Cir. LEXIS 534 (Fla. Cir. Nov 13, 2015), *2 (citing *Fla. Stat.* §90.202(6)(2015); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)(court may take judicial notice of filings in other court proceedings).

contact with the active and deadly at large shooter and be injured or killed." (Doc. 1-7 at ¶44.)

This attempt to circumvent the exclusive remedy set forth under Fla. Stat. §440.11 fails. Plaintiff cannot merely set forth conclusive allegations to overcome the extremely difficult standard prescribed by Florida Statute. Alleging "gross negligence"[4] and "recklessness" is conclusory and insufficient. The statute clearly requires (1) that the employer engaged in conduct which was virtually certain to result in injury or death to the employee; (2) the employer knew the danger of injury due to prior similar incidents or explicit warnings; and (3) the employee was not aware of that risk due to concealment of misrepresentation of the danger by the employer. Fla. Stat. § 440.11. Plaintiff has failed to make this showing.

In *Ramirez v. Mod. Constr. Experts, LLC*, 2021 Fla. Cir. LEXIS 17707 (Fla. 14th Cir. Ct., March 29, 2021), *4-6, the court dismissed the plaintiff's complaint, holding that the sole remedy for the negligence claim against the defendant was under the Florida workers' compensation law. *Id.* (citing *Aguilera v. Inservices, Inc.*, 905 So. 2d 84, 90-91 (Fla. 2005)). The court noted that the complaint did not allege that the defendant failed to secure workers' compensation coverage or that it deliberately intended to injure the plaintiff. *Id.* Furthermore, the court found that the complaint did not "include sufficient facts to show that [the defendant] engaged in conduct that was virtually certain to result in [the plaintiff's] injuries, that [the

---

[4] Plaintiff's First Amended Complaint maintains his prior claim for Gross Negligence (Count III). Needless to say, Charter denies it was either negligent or grossly negligent.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 Miami, Florida 33131 Telephone: 305-379-3686 Facsimile: 305-379-369

plaintiff] was not aware of the risk, and that [the defendant] deliberately concealed and misrepresented the danger." *Id.* Notably, here, Plaintiff's First Amended Complaint not only fails to allege sufficient facts but it also fails to allege *specific* facts to support its general allegation(s) that Charter *deliberately* concealed and/or misrepresented the danger, and further fails to support specific facts to support its general allegation(s)        that Plaintiff was not aware of the risk.

Similarly in *Jackson v. Wal-Mart Stores, Inc.,* No. 6:09-cv-777-Orl-28GJK, 2009 U.S. Dist. LEXIS 92070, at *4 (M.D. Fla. Oct. 1, 2009), the court granted the defendant Wal-Mart's motion to dismiss based on workers' compensation immunity where the plaintiff alleged she was injured while unloading a delivery truck due to a malfunctioning docking plate while working as an employee of Wal-Mart. The plaintiff alleged that Wal-Mart recklessly and/or intentionally failed to maintain the docking plate, and ignored its condition and did nothing to prevent employees from using it. *Id.* In finding that the plaintiff had failed to show an intentional tort necessary to establish an exception to the workers' compensation act, the court noted that the complaint contained no allegations that other employees had been injured in the past using that malfunctioning docket plate and that because of the long period of use the court found that "Wal-Mart's continued use of the malfunctioning docking plate did not create a "virtual certainty" of injury or death enabling [the plaintiff] to remove her claim from the worker's compensation scheme." *Id.*

In *Locke v. Suntrust Bank*, No. 8:05-CV-1956-T-17-MAP, 2006 U.S. Dist. LEXIS 18059, at *8-9 (M.D. Fla. Apr. 10, 2006), the court granted a motion to dismiss

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 Miami, Florida 33131 Telephone: 305-379-3686 Facsimile: 305-379-369

against a bank employee based on worker's compensation immunity for a claim

arising from an armed robbery of a bank.  In dismissing the claim, the court held:

> First, this Court finds that the Plaintiff's injuries are casually related to her employment as a bank manager. The Court notes that the armed robbery of the Defendant's Sun Trust bank is a risk inherent in the nature of Plaintiff's employment. Thus, the Plaintiff's claim of negligence in dismissed with prejudice. Furthermore, Plaintiff's intentional tort claim is also dismissed for failing to allege facts from which a reasonable person would understand that the Defendant's conduct was substantially certain[5] to result in injury or death to the Plaintiff. Plaintiff's allegations, even if proven, would not support an intentional tort claim against the Defendant. Since Plaintiff has not alleged any additional facts to support a cause of action against Defendant, this Court finds that a leave to amend Plaintiff's complaint would be futile. Based on these findings, it is clear to the Court that worker's compensation is the Plaintiff's exclusive remedy.

*Id.*

Similarly, here, Plaintiff's First Amended Complaint fails to allege any

ultimate facts which establish entitlement to an exception to the workers'

compensation statute.  Plaintiff's First Amended Complaint again, consists only of

unsupported conclusory statements which fail to establish that Charter's conduct was

virtually certain to result in injury or death to Plaintiff.  As such, Charter respectfully

submits its Motion to Dismiss should be granted, with prejudice.

### 2.  Plaintiff has failed to allege that Charter deliberately concealed or misrepresented the danger.

Plaintiff's First Amended Complaint does not, and cannot, allege that Charter

"deliberately concealed or misrepresented the danger" presented by Moses' acts (or

---

[5]     Defendant notes that this decision was decided under the less difficult "substantially certain" standard.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 Miami, Florida 33131 Telephone: 305-379-3686 Facsimile: 305-379-369

allegedly by the Orange County Sheriff's Office) that would have prevented Lyons from "exercising informed judgment about whether to perform the work." Absent such a showing, Plaintiff cannot meet the intentional tort exception to workers' compensation immunity. Fla Stat. 440.11(l)(b)(2).

## Conclusion

Plaintiff's First Amended Complaint attempts to avoid applicable immunity under workers' compensation by bringing a claim for Virtual Certainty and Concealed Danger (Count II) which sets forth conclusory allegations which mirror the language of the exception to Florida Statute § 440.11. Despite a "second bite at the apple," the First Amended Complaint is again devoid of ultimate facts which would meet the high standard necessary to invoke this exception which requires *virtual certainty*. The general facts alleged by Plaintiff as to the journalism profession as a whole and/or as to failure to provide safety training and/or physical safety protections remain insufficient to rise to the level required under Florida Statute § 440.11 – namely, that "a given danger will cause an accident every – or almost every – time." Plaintiff has not alleged any other prior instances of criminal attacks upon Charter employees while on scene reporting, nor has Plaintiff alleged any ultimate and/or specific facts that Charter deliberately concealed any danger from Plaintiff and/or that Lyons was unaware of any danger due to the risk being unapparent, concealed, or misrepresented. As such, Plaintiff's claims are barred by the exclusive remedy prescribed under Florida Statute § 440.11 and the First Amended Complaint should be dismissed.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 Miami, Florida 33131 Telephone: 305-379-3686 Facsimile: 305-379-369

WHERERFORE Defendant CHARTER COMMUNICATIONS, INC. requests this court grant Defendant's Motion to Dismiss, with prejudice, because the Workers Compensation Act is Plaintiff's exclusive remedy.  Charter is immune from suit under Florida Statutes § 440.11.

## LOCAL RULE 3.01 CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned conferred with Plaintiff's counsel via email correspondence prior to filing the instant motion and Plaintiff's counsel requested their general objected be noted as to the relief sought in the instant motion.

Respectfully submitted,

*/s/ Paul G. Totten*

**JERRY D. HAMILTON**
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
**PAUL G. TOTTEN**
Florida Bar No.: 529931
ptotten@hamiltonmillerlaw.com
**BRIAN T. BARRIFFE**
Florida Bar No.:  1024874
bbarriffe@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
100 South Ashley Drive, Suite 1210
Tampa, Florida 33602
Telephone: (813) 223-1900
Facsimile: (813) 223-1933
*Counsel for Defendant*

CASE NO.: 6:25-cv-00848

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed this 24th day of November 2025, using the CM/ECF portal filing system which will send and electronic copy of the foregoing to all counsel of record, including:

Mark E. NeJame, Esq.
FBN: 310931
Ryan J. Vescio, Esq.
FBN: 14032
DeLayne D. Penland, Esq.
FBN : 1024836
**NEJAME LAW, P.A.**
111 N. Orange Avenue, Suite 1300
Orlando, FL 32801
Phone: 407-500-0000
Fax:    407-802-1448
mark@nejamelaw.com
ryan@nejamelaw.com
delayne@nejamelaw.com
PI@nejamelaw.com
*Counsel for Plaintiff*

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 Miami, Florida 33131 Telephone: 305-379-3686 Facsimile: 305-379-369