**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GARY LYONS as Personal**
**Representative of THE ESTATE**
**OF DYLAN LYONS,**

      **Plaintiff,**

    **v.**

**CHARTER**
**COMMUNICATIONS, INC.,**

      **Defendant.**

**Case No.: 6:25-cv-00848-ACC-LHP**

## ORDER

This cause comes before the Court on Defendant Charter Communications, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 25), to which Plaintiff Gary Lyons as personal representative of the estate of Dylan Lyons ("Plaintiff") has filed a Response in Opposition. (Doc. 27). For the reasons set forth below, Defendant's Motion will be granted.

## I.    BACKGROUND

This case arises from an incident on February 22, 2023, while Dylan Lyons ("Lyons") was working as a news reporter for Defendant at Harrington Drive and Hialeah Street in Pine Hills, Orange County, Florida. (Doc. 24 ¶¶ 5, 12). Plaintiff alleges that Defendant "commanded" Lyons to report "about the fatal shooting of Nathacha Augustin by an individual later identified as Keith Moses ("Moses"),

despite Defendant SPECTRUM being aware the shooter was still at large at the time . . . ."[1] (*Id.* at ¶ 12). While Lyons was "on scene" reporting on the shooting, he was "ambushed, shot, and killed by Moses" while he was sitting "in the front passenger seat of the station's news vehicle[.]" (*Id.* at ¶¶ 18, 33). Jesse Walden, a photojournalist for Defendant, was also wounded by Moses. (*Id.* at ¶ 17). Tim Brown ("Brown"), "a senior veteran journalistic videographer from WESH Channel 2 News" assessed the "news scene to be immediately and inherently dangerous, and left" prior to this incident. (*Id.* at ¶ 14). Plaintiff alleges that during the incident and throughout Lyons's employment, Defendant did not provide Lyons with security or safety equipment to protect him from being attacked or shot while reporting in high-crime areas or active crime scenes. (*Id.* at ¶¶ 19–20). Plaintiff further alleges that Defendant never offered Lyons any safety training. (*Id.* at ¶ 33).

According to Plaintiff, approximately 321 journalists, including Lyons, have been either shot or shot at while working since 2017. (*Id.* at ¶ 21). Plaintiff also describes instances of journalists being shot while reporting in Texas, Oklahoma, and Florida. (*Id.* at ¶ 22–24). In October 2018, A Culture of Safety Alliance launched

---

[1] Defendant Charter Communications, Inc. "operates more than 30 local Spectrum News television and digital networks in 12 states, including Spectrum News 13 . . . ." (Doc. 24 ¶ 6).

the Industry Standard for Safety Training to which Plaintiff alleges Defendant is not a signatory. (*Id.* at ¶ 27).

Plaintiff originally filed this lawsuit in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida on January 28, 2025.[2] (Doc. 1-1). On May 15, 2025, Defendant timely removed this Action to this Court asserting diversity jurisdiction.[3] (Doc. 1). Defendant moved to dismiss Plaintiff's original Complaint on June 23, 2025. (Doc. 12). On October 27, 2025, the Court dismissed Plaintiff's original Complaint with leave to amend with "factual allegations and specificity . . . to properly plead the intentional tort exception." (Doc. 23 at 7–8). Plaintiff filed an Amended Complaint on November 10, 2025, which again asserts claims of negligence (Count I) and gross negligence (Count III).[4] (Doc. 24 at 11, 16). Defendant moved to dismiss Plaintiff's Amended Complaint on November 24, 2025. (Doc. 25). The Court held a hearing on Defendant's Motion on April 2, 2026.

---

[2] Case No. 2025-CA-000699.

[3] The Parties are diverse and the amount in controversy exceeds $75,000.

[4] Plaintiff's "Count II – Virtual Certainty and Concealed Danger Against Defendant" (Doc. 24 at 14) is Plaintiff's assertion that this case meets one of the two exceptions to the Florida Workers' Compensation Act without explicitly referencing the Act by name. *See* Fla. Stat. § 440.11(1)(b)(2) ("The employer engaged in conduct that the employer knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was *virtually certain* to result in injury or death to the employee . . . and the employer *deliberately concealed or misrepresented the danger*[.]") (emphasis added).

## II.    LEGAL STANDARD

For purposes of deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). However, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[5]

## III.    ANALYSIS

Defendant contends that it is entitled to workers' compensation immunity under Florida Statute section 440.11 based on the nature of Plaintiff's claims, and that Plaintiff's Amended Complaint fails to demonstrate otherwise. (Doc. 25 at 6). Defendant is correct.

---

[5] Once again, "Defendant confusingly implies the correct standard of review for its Motion to Dismiss is the standard employed by Florida state courts even after referencing Rule 12(b)(6) in its 'Motion to Dismiss Standard' section. (Doc. [25 at 4–6]). However, Federal Rule of Civil Procedure 81(c)(1) is clear that '[t]hese rules apply to a civil action after it is removed from a state court.' Given that the Federal Rules apply after removal, Rule 12(b)(6) and the standards set by the United States Supreme Court apply." (Doc. 23 at 3 n.5).

Under Florida law, an employer's liability under section 440.10 is exclusive, and employers are immune from tort liability to employees for their injuries "if those injuries arose out of [the employee's] employment." *Moucha v. Burger King Corp.*, 450 So. 2d 335, 336 (Fla. 5th DCA 1984) (citing Fla. Stat. § 440.10; *Sullivan v. Liberty Mut. Ins. Co.*, 367 So. 2d 658 (Fla. 4th DCA 1979)). There are two exceptions to workers' compensation immunity: (1) "[i]f an employer fails to secure payment of compensation as required by [section 440.10]" and (2) "[w]hen an employer commits an intentional tort that causes the injury or death of the employee." Fla. Stat. § 440.11(1)(a)–(b). However, "[w]orker's compensation immunity is an affirmative defense and ordinarily is not properly raised by a motion to dismiss the complaint." *Id.*

A defendant may raise workers' compensation immunity on a motion to dismiss only if the "defense clearly appears on the face of the complaint." *See Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993) (citation omitted). As explained in the previous Order, "the allegations in the [Amended] Complaint support that Lyons was acting within the scope of employment when he was fatally shot, and, as a result, workers' compensation immunity under the Florida Workers' Compensation Act (the 'FWCA') is potentially applicable to Plaintiff's claims." (Doc. 23 at 4–5). Plaintiff again argues that the Amended Complaint contains

- 5 -

sufficient factual allegations to satisfy the intentional tort exception to workers' compensation immunity. (Doc. 27 at 5).[6]

There are two theories of the intentional tort exception to workers' compensation immunity: (1) where "[t]he employer deliberately intended to injure the employee" and (2) where the employer knew injury or death to the employee was "virtually certain" based on "prior similar accidents or on explicit warnings[.]" Fla. Stat. § 440.11(1)(b)(1)–(2). Plaintiff does not allege the "deliberately injured" theory of the intentional tort exception. The required elements for the virtual certainty theory of the intentional tort exception are:

> 1) employer knowledge of a known danger ... based upon prior similar accidents or explicit warnings specifically identifying the danger that was virtually certain to cause injury or death to the employee; 2) the employee was not aware of the danger ... because it was not apparent; and 3) deliberate concealment or misrepresentation by the employer ... preventing employee from exercising informed judgment as to whether to perform the work.

*Ramsey v. Dewitt Excavating, Inc.*, 248 So. 3d 1270, 1273 (Fla. 5th DCA 2018) (citing *Gorham v. Zachry Indus., Inc.*, 105 So. 3d 629, 633 (Fla. 4th DCA 2013) (citing Fla. Stat. § 440.11(1)(b)(2)).

---

[6] The Complaint does not contain any factual allegations indicating that the "failure to pay compensation" exception applies to this case, nor does Plaintiff argue that it does so.

The previous Order identified issues with Plaintiff's factual allegations concerning the second and third elements of the intentional tort exception. (Doc. 23 at 6–7). The Amended Complaint failed to resolve these issues and raises an additional issue as to the first element of the intentional tort exception.

Plaintiff appears to have alleged that Lyons lacked any situational awareness of the danger of reporting at the scene of a shooting where the shooter had not yet been apprehended. According to Plaintiff, Lyons was "blinded" to the danger of the situation by Defendant's failure to offer him safety education or training and his own "lack of field experience[.]" (Doc. 24 ¶¶ 32, 34). Lyons had two years of reporting experience. (*Id.* at ¶ 32). In contrast, Plaintiff points to Brown, a recently retired videographer who recognized the danger of the news scene and promptly left. (*Id.* at ¶ 14). But Plaintiff was required to allege that Lyons "was not aware of the risk *because* the danger was not apparent and the employer deliberately concealed or misrepresented the danger[.]" Fla. Stat. 440.11(1)(b)(2) (emphasis added). Lyons's lack of experience is irrelevant to whether the danger was apparent and whether Defendant concealed or misrepresented the danger of the crime scene to Lyons.

Moreover, Plaintiff does not allege that Lyons did not know that the shooter was still at large, or that Defendant concealed that fact from Lyons.[7] Even assuming

---

[7] The Court also notes that it is unclear from Plaintiff's allegations whether Defendant was aware that the shooter was still in the area where the shooting occurred. Plaintiff merely alleges

that Lyons was "blinded" to the danger of reporting at the scene of a shooting where the shooter was still at large because of Defendant's failure to provide safety education or training, Lyons's subjective blindness to the danger of the news scene caused by Defendant's failure to implement safety measures is not enough to satisfy the intentional tort exception. *See Vallejos v. Lan Cargo S.A.*, 116 So. 3d 545, 555 (Fla. 3d DCA 2013) ("[F]ailure to train or warn of obvious dangers does not amount to concealing or misrepresenting the danger[.]"). Neither the Parties nor the Court can locate any Florida case law holding that an employer's failure to provide safety education or training constitutes "deliberately conceal[ing] or misrepresent[ing]" danger. According to the Amended Complaint, Defendant and Lyons both had the same information about the news scene: that a shooting had taken place, and that the shooter was still at large.

---

that Defendant was aware that the shooter was "at large." (Doc. 24 ¶ 12). Furthermore, Defendant urges the Court to take judicial notice of the fact that Plaintiff made certain allegations in a related case filed prior to this one in the United States District Court for the Middle District of Florida in which Plaintiff and others assert claims against the Sheriff of Orange County. (Doc. 25 at 16 n.3); *Turner et al. v. Mina et al.*, Case No. 6:25-cv-00252-PGB-NWH (M.D. Fla., Sep. 29, 2025). Plaintiff does not object to this. The Court may take judicial notice of the fact that Plaintiff alleged that "the fact that a murderer was present in the area in the first place was not disclosed to the surrounding residents, even when deputies were explicitly asked for information" and "an armed and dangerous murderer wandered the area for hours without so much as an indication to the community that he was still lurking" in this related case. Second Amended Complaint at ¶¶ 22–23, *Turner et al. v. Mina et al.*, Case No. 6:25-cv-00252-PGB-NWH (M.D. Fla., Sep. 29, 2025), Doc. 36; *see Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (explaining that the district court "could take judicial notice of pleadings and orders" in the plaintiff's prior case at the motion to dismiss stage).

Even if Plaintiff had properly alleged that the danger was not apparent and Defendant concealed or misrepresented the danger of the news scene, there would still be an additional issue as to the first element of the intentional tort exception. Plaintiff alleges prior instances of reporters being shot under circumstances that do not resemble Lyons's circumstances (i.e., not at active crime scenes where a shooting occurred), which Plaintiff imputes to Defendant as industry knowledge of a risk of reporters being shot on the job. (Doc. 24 ¶¶ 21–24, 29–30). But these prior instances alone merely demonstrate Defendant's industry knowledge of a generalized danger to reporters.

Under section 440.11, to establish virtual certainty there must have been "prior similar accidents or explicit warnings specifically identifying a known danger" to Defendant. Fla. Stat. 440.11(1)(B)(2). This requirement is a high bar. *See e.g.*, *Tesfay v. Builders FirstSource-Fla., LLC*, No. 3:07-CV-613-J-34JRK, 2009 WL 10670760, at *2 (M.D. Fla. Mar. 18, 2009) ("[I]t is apparent that the virtually certain standard sets the bar for plaintiffs seeking to avoid the exclusive remedy under the FWCA extremely high[.]"). Assuming the danger of the news scene was not apparent, there are simply no facts in the Amended Complaint to satisfy this requirement. Plaintiff needed to plead that Defendant was put on notice of the danger to Lyons *in this specific incident* by prior similar accidents or explicit warnings, not that Defendant had industry knowledge of the danger to reporters in the United States generally.

Plaintiff's allegations of prior instances of reporters throughout the United States being shot could not have "identif[ied] a known danger" to Defendant that was "virtually certain to result in" Lyons's death at the news scene in Pine Hills, Florida. *See Locke v. SunTrust Bank*, No. 8:05-CV-1956-T-17-MA, 2006 WL 923763, at *4 (M.D. Fla. Apr. 10, 2006), *aff'd*, 484 F.3d 1343 (11th Cir. 2007) (citing *Garrick v. Publix Supermarkets, Inc.*, 798 So.2d 875 (Fla. 4th DCA 2001)) (explaining that the plaintiff did not allege sufficient facts that the bank engaged in conduct "substantially certain" to result in injury to the plaintiff where she alleged previous criminal activity at the bank without alleging that the bank "had knowledge of a threat of the armed robbery in which Plaintiff was injured, or that [the bank] intentionally withheld such information from the Plaintiff"); *see* Fla. Stat. § 440.11(1)(b)(2).

In summary, Plaintiff's allegations that Lyons's death arose out of his employment implicates FWCA immunity. Plaintiff's allegations, even if proven, are insufficient to establish that any exception to FWCA immunity applies. Plaintiff has been given two opportunities to plead factual allegations establishing that the intentional tort exception applies. The Court was clear in its prior Order that the original Complaint was deficient in part because:

> Based on Plaintiff's allegations, the danger of Lyons reporting at the crime scene stemmed from the fact that the shooter had not been apprehended. (Doc. 1-1 ¶¶ 12, 38–39, 45, 49). Plaintiff does not allege

that Defendant concealed or misrepresented this fact to Lyons before sending him to the crime scene.

(Doc. 23 at 7).

The Court also specifically instructed Plaintiff to "add factual allegations and specificity to the Complaint in order to properly plead the intentional tort exception." (*Id.* at 7–8). Plaintiff has failed to do so. Therefore, Plaintiff's negligence and gross negligence claims against Defendant are barred because workers' compensation is Plaintiff's exclusive remedy.

Based on the foregoing, it is **ORDERED** as follows:

1.    Defendant Charter Communications, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 25) is **GRANTED**.

2.    Plaintiff Gary Lyons as personal representative of the estate of Dylan Lyons's Amended Complaint (Doc. 24) is **DISMISSED WITH PREJUDICE** as the Court has determined that any amendment would be futile.

3.    The clerk is **DIRECTED** to close the file.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 3, 2026.

/s/ Anne C. Conway_____
Anne C. Conway
United States District Judge

- 12 -

Copies furnished to:

Counsel of Record